Argued February 4, modified April 10, 1963

# STATE OF OREGON *v.* BLACKER

380 P. 2d 789

*Jerome Noble* and *Philip Hayter,* Dallas, argued the cause and filed a brief for appellant.

*Lou L. Williams,* former Deputy District Attorney for Polk County, argued the cause for respondent. On the brief was Marvin J. Weiser, District Attorney for Polk County.

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Lusk, Justices.

PERRY, J.

The defendant entered a plea of guilty to the crime of assault with a dangerous weapon. Subsequent to the plea of guilty the state filed a pleading designated by the state as an information, which is as follows:

> "Comes now MARVIN J. WEISER, the duly elected, qualified and acting District Attorney for Polk County, State of Oregon, and in the name of, and by the authority of, the State of Oregon, informs the Court that the said JAMES L. BLACKER, defendant herein, on the 15 day of May, 1962, was duly and regularly convicted in the Circuit Court of Polk County, State of Oregon, of the crime of ASSAULT WITH DANGEROUS WEAPON, which is a felony as provided in ORS 166.250 (sic);
>
> "That said felony was committed within this State, while armed with a pistol capable of being concealed upon the person, without he, the said defendant, having a license or permit to carry said firearm;
>
> "That said pistol is a firearm having a barrel

less than twelve inches (12″) in length, as provided in ORS 166.210(1), which is more particularly described as follows: a 9 mm Smith and Wesson Model 39, Semi-automatic pistol bearing serial number 30038.

"That I make this information under and by virtue of the laws of the State of Oregon, and, particularly ORS 166.230, for the purpose of carrying into effect the provisions thereof and for the purpose of accusing the said defendant JAMES L. BLACKER, of the commission of the felony while armed with a pistol capable of being concealed upon the person without having a license or permit to carry such pistol, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon."

The court thereupon informed the defendant of the subsequent pleading and defendant, in effect, denied that at the time he committed the assault with the dangerous weapon he was armed with "any pistol, revolver, machine gun or other firearm capable of being concealed upon the person, without having a license or permit to carry such firearm, * * *." Thereupon the court made findings of fact that the defendant was carrying a concealed weapon, without a license, at the time he committed the assault, and thereupon sentenced the defendant to a term not to exceed 10 years in the state penitentiary for the crime of assault with a dangerous weapon, and further provided that he should be imprisoned an additional five years, pursuant to the provisions of ORS 166.230.

The defendant does not contend that his plea of guilty to the crime of assault with a dangerous weapon is in anywise invalid, but does contend that the court exceeded its jurisdiction when it imposed the additional sentence of five years. This because he was not

indicted by a grand jury or tried by a jury relative to the violation of the provisions of ORS 166.230.

Since a trial before the court was had as to the matters alleged in the subsequent information filed by the state, and the court found that the defendant at the time he committed the assault was armed with a pistol capable of being concealed upon the person, and that he had no license or permit to carry such a firearm, the question presented is whether or not the court erred in pronouncing the additional sentence, since there was no allegation in the original information that at the time he committed the crime he was armed with a concealable weapon and unauthorized by law to be so armed.

ORS 166.230, insofar as is material, reads as follows:

> "Any person who commits or attempts to commit any felony within this state while armed with any pistol, revolver, machine gun or other firearm capable of being concealed upon the person, without having a license or permit to carry such firearm, upon conviction of the felony or of an attempt to commit the felony, shall, in addition to the punishment prescribed for the crime of which he has been convicted, be punished by imprisonment in the penitentiary for not more than 10 years. Such additional period of imprisonment shall commence upon the expiration or other termination of the sentence imposed for the crime of which he stands convicted and shall not run concurrently with such sentence."

It is noted that ORS 166.230 does not provide that the carrying of a concealed firearm without a license or permit is in itself a crime. It provides only that the person who commits or attempts to commit any felony while so armed shall suffer a greater penalty than another who has committed a felony not so armed.

The crime of possession of concealed weapons is described and made punishable under ORS 166.250. The legislature therefore clearly intended and provided that ORS 166.230 should be considered as aggravating the felony charged.

The defendant relies upon *State v. Waterhouse,* 209 Or 424, 307 P2d 327. In that case the defendant was charged with the crime of invasion of privacy, and there was set forth in the indictment the allegation that the defendant had been previously convicted of the crime of rape. The allegation of the crime of rape was included, since ORS 167.050 provided that any person who had previously been convicted of a sex crime might be sentenced for the crime of invasion of privacy to a life term in the penitentiary. The majority of the court then held that, since the statute did not itself provide the procedure whereby the fact as to the previous conviction for rape might be determined subsequent to the determination of the guilt of the defendant for the crime of invasion of privacy, the prior conviction was a necessary ingredient of the crime charged and must therefore be alleged and proven. This because, since the legislature, having failed to provide different procedure, the court was bound to follow the common law which required that every wrongful act which is to be taken into account in determining the punishment must be alleged in the indictment. Bishop's New Criminal Procedure, Vol. 1, Chapter VI, page 59.

■ Subsequent to the decision in *State v. Waterhouse,* supra, the legislature has provided in all cases where the sentence is enhanced by reason of a prior conviction (ORS 168.025) the facts of former conviction shall not be set forth in the indictment (ORS 132.540 (f)) and the fact of former convictions shall be de-

termined by the court. ORS 168.065. The change in the statute subsequent to *State v. Waterhouse* does not affect the question here presented, since the procedure therein set out applies only to those cases where the enhanced penalty is applicable by reason of prior convictions.

The crime charged against the defendant is but a single crime and no separate procedure for determining these facts in aggravation is set forth in the statute.

The courts of the state of New York permit the court to determine these facts subsequent to the trial. *People v. Krennen,* 264 NY 108, 190 NE 167; *People v. Francesco Caruso,* 249 NY 302, 164 NE 106; *People ex rel. Small v. Shaw,* 108 NYS2d 451. However, an examination of the opinions of that state discloses that without discussion of the problem a rule of procedure was established by judicial fiat.

These cases, while some authority for the state's position, are contrary to the established rule of law in this state. The basis of the rule in this state lies in the common law. At common law it was necessary to allege the particular facts in the indictment which created an aggravation of the crime charged. *State of Oregon v. Black,* 193 Or 295, 236 P2d 326.

The substantive law contained in the common law of England remains the law of this state until changed by legislative action. *State of Oregon v. Black,* supra. Therefore, in the absence of a statutory change, the facts constituting the aggravation of an alleged offense must be set forth in the indictment. *Merrill v. Gladden,* 216 Or 460, 337 P2d 774; Annotator's comments, 125 ALR 605. The trial court was in error in pronouncing the greater penalty.

The charging part of the information to which the defendant entered his plea of guilty is as follows:

"The said defendant, on the 4th day of May, 1962, in the County of Polk and State of Oregon, then and there being armed with a dangerous weapon, to-wit: a 9 mm Smith and Wesson Model 39, Semi-automatic Pistol, bearing serial number 30038, did then and there unlawfully and feloniously assault one Floyd Morrill by then and there firing said weapon at and in the direction of the said Floyd Morrill, contrary to the statutes * * *."

ORS 132.540(f) provides:

"The act or omission charged as the crime is clearly and distinctly set forth in ordinary and concise language, without repetition, in such a manner as to enable a person of common understanding to know what is intended and with such a degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the right of the case; provided, that the indictment shall not contain allegations that the defendant has previously been convicted of the violation of any statute which may subject him to enhanced penalties."

Comparing the charging part of the information with the requirements of ORS 132.540(f) supra, it is obvious that the information does not attempt to allege the defendant was carrying a weapon capable of concealment without having a license or permit to do so.

The judgment is remanded, with instructions to set aside the sentence as to the additional imprisonment for a period of five years. In all other respects, the judgment is affirmed.