Argued February 18, affirmed in part; reversed in part
March 10, 1975

# STATE OF OREGON, *Respondent, v.* STEPHEN DUANE THOMPSON (No. 74-2362), *Appellant.*

532 P2d 1140

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and LEE, Judges.

SCHWAB, C. J.

Defendant was charged under a three-count indictment with two counts of first degree robbery in violation of ORS 164.415[1] and one count of violating ORS 166.270[2] which prohibits a convicted felon from

[1]
"(1) A person commits the crime of robbery in the first degree if he violates ORS 164.395 and he:

"(a) Is armed with a deadly weapon; or

"(b) Uses or attempts to use a dangerous weapon; or

"(c) Causes or attempts to cause serious physical injury to any person.

"(2) Robbery in the first degree is a Class A felony." ORS 164.415.

[2] "Any unnaturalized foreign-born person or any person who has been convicted of a felony against the person or property of

possessing a concealable weapon. The two robbery counts involved robbery of two separate persons at the same time and place. Upon trial by jury defendant was found guilty on all three counts.

At sentencing, the trial court treated the crimes charged in each of the three counts as merged and imposed sentence on the first robbery count only, specifically, 15 years' imprisonment. The court imposed an additional five-year sentence under ORS 166.230(1),[9] which authorizes an additional penalty for commission of a felony while in possession of an unlicensed concealable firearm.

Defendant appeals on the ground that a material element necessary for a violation of ORS 166.230(1)—the fact that defendant was not licensed to carry the firearm—was not alleged in the indictment as is required by *State v. Blacker*, 234 Or 131, 380 P2d 789 (1963), and that therefore the indictment was insufficient to charge that act, and the court had no jurisdiction to impose the additional five-year sen-

---

another or against the Government of the United States or of this state, or of any political subdivision of this state, who owns, or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person, or machine gun, shall be punished upon conviction by imprisonment in the penitentiary for not more than five years." ORS 166.270.

[9] "Any person who commits or attempts to commit any felony within this state while armed with any pistol, revolver, machine gun or other firearm capable of being concealed upon the person, without having a license or permit to carry such firearm, upon conviction of the felony or of an attempt to commit the felony, shall, in addition to the punishment prescribed for the crime of which he has been convicted, be punished by imprisonment in the penitentiary for not more than 10 years. Such additional period of imprisonment shall commence upon the expiration or other termination of the sentence imposed for the crime of which he stands convicted and shall not run concurrently with such sentence." ORS 166.230(1).

tence. The defendant asks that this sentence be vacated.

■ The state concedes that the indictment was not sufficient to charge a violation of ORS 166.230, and that the five-year sentence was erroneously imposed. However, the state argues that the court also erred in merging the crimes charged by the three counts of the indictment, and that therefore the correct remedy would be to remand the entire case for resentencing so that all of the errors could be corrected.

■ The lower court's action in merging the three crimes was erroneous. *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971), specifically did not apply to a course of conduct where the same statute was violated several times. *See, State v. Rook,* 14 Or App 211, 511 P2d 1245, Sup Ct *review denied* (1973). And this court held in *State v. Sortor,* 10 Or App 316, 499 P2d 1370 (1972), that the offenses of assault with intent to rob and being an ex-convict in possession of a firearm do not merge.

■ Nevertheless, we cannot correct that error in this proceeding. So far as the record discloses, no dispositive order has ever been entered on the two counts on which the trial judge did not sentence the defendant. All we find in the record is the judgment order sentencing the defendant on the first count, and the trial judge's oral statement from the bench:

> "It will be the sentence of the court—I am going to treat these as a merger situation—I am going to sentence you to 15 years on the first count of robbery."

If the state assumed that the above language, coupled with the judgment order on the first robbery count, constituted an order dismissing the other two counts,

it did not appeal, although a strong argument can be made that the state was authorized to do so under ORS 138.060(2).[4] If the state's position was that the trial court had a duty to enter a dispositive order as to each of the counts, and there is authority for this proposition, *see, State v. Meyer*, 12 Or App 486, 507 P2d 824 (1973), the state's remedy was to institute a separate proceeding such as mandamus seeking to require the trial court to enter a dispositive order as to each of the counts. We note that the record does not disclose that either counsel requested a dispositive order. In any event, the only question properly before us is the validity of the additional five-year sentence imposed under ORS 166.230. This sentence the state concedes was erroneously imposed and it therefore must be vacated.

Affirmed in part; reversed in part.

---

[4] "The state may take an appeal from the circuit court to the Court of Appeals from:

"* * * * *

"(2) An order arresting the judgment;

"* * * * *." ORS 138.060.