On respondent's petition for reconsideration filed July 29, former opinion filed June 23, 21 Or App 827, 537 P2d 109 (1975), former opinion adhered to; petitions for reconsideration denied September 10, petitions for review denied November 4, 1975

STATE OF OREGON, *Respondent,* v. RICHARD HERNANDEZ MORALES (Nos. 74 4506 and 74 4507), *Appellant.*

539 P2d 1112

Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem, for respondent.

No appearance contra.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C.'J.

Contrary to the decisions discussed in our original opinion, decisions dating back more than two years to *State v. Miller,* 14 Or App 396, 513 P2d 508 (1973), the trial court separately sentenced defendant on two counts of criminal activity in drugs, based upon the theory that he transported and possessed the same drugs at the same time and place.

In its original brief, the state argued that the "trial court did not err in sentencing defendant on both counts of the indictment." After citing *Miller,* the state's analysis continued:

"* * * The state concedes therefore, that one of the sentences in the present case must be vacated. This is not to concede, however, that the trial court erred in entering a sentence on both charges."

The state then suggested that "the only possible alternative" in this kind of situation was for the trial court to "impose a sentence on both charges and then when the case is appealed, leave the ultimate decision as to what charge is to be sustained to the appellate court."

Unimpressed with this reasoning, we found another possible alternative. Noting that *State v. Thompson,* 20 Or App 545, 532 P2d 1140 (1975), requires a judgment to reflect disposition of all charges, we suggested that a single judgment could recite that the second charge "merged" with the first charge, or that the second charge was "dismissed." These were suggestions only; there may be other means to achieve the same result.

Now, in a petition for reconsideration, the state adopts a new position, finding yet another alternative:

"The Court of Appeals' solution to the problem

is simple and symetric [sic]. However, it is not correct. At least where the other, 'merged' offense (or offenses) have been *dismissed*, they are not before the appellate court.

"* * * * *

"Thus, a Court of Appeals or Supreme Court reversal would *not* automatically revert the entire conglomeration of proceedings to the *status quo ante*. Only that which was appealed could be reversed; the dismissals would stand. Traditional principles governing jeopardy would forever foreclose the State from proceeding further with any of the dismissed charges.

"* * * * *

"The correct solution is to be found in the first portion of the Court of Appeals' opinion, which permits trial courts to simply designate certain offenses as *merged in the sentence* * * *. This preserves any validly-obtained verdict, thereby avoiding the necessity for retrial upon reversal in many cases and preserving valuable judicial time. Where retrial of all charges *is* necessary, the retrial is not subject to attack on constitutional (double jeopardy) grounds."

It must be remembered that we suggested that a single judgment recite conviction and sentence on one charge and "merger" or "dismissal" of other charges. The state's present theory is that, following reversal of such a judgment, retrial on a charge referred to as "merged" would be possible, but that retrial on a charge referred to as "dismissed" would be barred by double-jeopardy principles. The state cites no authority in support of this theory; we find no authority that supports such a distinction.

If such authority does exist, prosecutors are certainly entitled to call it to the attention of trial courts during the process of preparing or commenting upon proposed judgments.

Nothing in the state's petition for reconsideration convinces us to change the views expressed in our original opinion.

Petition for reconsideration denied.