On respondent's petition for reconsideration filed August 20;
former opinion filed July 21, 22 Or App 161, 537 P2d
1151 (1975), former opinion adhered to September 22,
petition for review denied November 4, 1975

STATE OF OREGON, *Appellant, v.* NOE CECIL
McINTIRE (No. 74-1799), *Respondent.*

540 P2d 399

Steve P. Chez, Eugene, for petition.

No appearance contra.

Before SCHWAB, Chief Judge, and LANGTRY and
FORT, Judges.

LANGTRY, J.

Our original opinion upheld an indictment charg-
ing carrying a concealed weapon in violation of ORS
166.250 even though the indictment did not allege

that the defendant did not have a license to do so. Defendant's petition for reconsideration calls our attention for the first time to *State v. Blacker,* 234 Or 131, 380 P2d 789 (1963), and *State v. Thompson,* 20 Or App 545, 532 P2d 1140 (1975). Defendant claims *Blacker* and *Thompson* require an allegation that he did not have a license to carry a concealed firearm.

*Blacker* and *Thompson* arose under ORS 166.230 (1) which, rather than creating an offense, merely provides for an enhanced penalty when a felony is committed while armed with a concealable firearm. The principal holding in *Blacker* was that the indictment for the underlying offense (there, assault) had to put the defendant on notice of the possibility of an enhanced penalty pursuant to ORS 166.230(1). In what might have been an unintentional choice of words, however, the court in *Blacker* stated:

"* * * [T]he question presented is whether or not the court erred in pronouncing the additional sentence, since there was no allegation in the original information that at the time he committed the crime he was armed with a concealable weapon and unauthorized by law to be so armed.

"* * * * *

"* * * [T]he information does not attempt to allege the defendant was carrying a weapon capable of concealment without having a license or permit to do so." 234 Or at 134, 137.

We say "unintentional" choice because the charging instrument in *Blacker* did not allege possession of a "concealable" firearm, and thus there was no occasion to consider whether negating the license exception was essential.

In any event, read literally, *Blacker* seems to require negating the license exception in order to invoke the ORS 166.230(1) enhanced penalty.

And the state did thus read *Blacker* in *Thompson*:

"Defendant appeals on the ground that a material element necessary for a violation of ORS 166.230(1)—the fact that defendant was not licensed to carry the firearm—was not alleged in the indictment as is required by *State v. Blacker*, 234 Or 131, 380 P2d 789 (1963), and that therefore the indictment was insufficient to charge that act, and the court had no jurisdiction to impose the additional five-year sentence. The defendant asks that this sentence be vacated.

"The state concedes that the indictment was not sufficient to charge a violation of ORS 166.230, and that the five-year sentence was erroneously imposed * * *." 20 Or App at 547-48.

We nevertheless conclude that whatever the rule in an ORS 166.230(1) context we adhere to our original view in this case—that in an ORS 166.250 context an indictment need not allege that a defendant did not have a license to carry a firearm. This follows from the reasoning of *State v. Elliott*, 234 Or 522, 383 P2d 382 (1963), decided two months after *Blacker* and written by the same member of the Supreme Court. It also follows from contemporary theory about the office of an accusatory instrument. *See State v. Shadley/Spencer/Rowe*, 16 Or App 113, 517 P2d 324 (1973); *State v. Jim/White*, 13 Or App 201, 508 P2d 462, Sup Ct *review denied* (1973). For the above reasons we decline to reconsider.

Former opinion adhered to.