Argued April 20, reversed June 1, 1976

STATE OF OREGON, *Respondent,*
*v.*
STEPHEN DUANE THOMPSON, *Appellant.*
(No. 74 2362, CA 5648)
549 P2d 1292

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant was charged, tried by a jury and found guilty of two counts of robbery in the first degree, ORS 164.415, and one count of being a convicted person in possession of a concealable firearm, ORS 166.270. He was sentenced by the circuit court to a term of imprisonment not to exceed 15 years. He received an additional consecutive sentence not to exceed five years under the enhancement statute, ORS 166.230(1), for commission of a felony while in possession of an unlicensed concealable firearm. We reversed the five-year sentence imposed under ORS 166.230(1) in *State v. Thompson,* 20 Or App 545, 532 P2d 1140 (1975).

The circuit court thereafter entered an order (1) stating that defendant had previously been sentenced on one robbery count of the indictment, (2) imposing a 15-year concurrent sentence on the other robbery count, and (3) imposing a five-year consecutive sentence for the violation of ORS 166.270. Defendant states that the court erred by imposing the additional sentences.

Defendant contends that the original sentencing order was dispositive of all three counts. This is answered by our previous *Thompson* opinion. We stated that the "trial court * * * imposed sentence on the first robbery count only," 20 Or App at 547, and that "no dispositive order has ever been entered on the two counts on which the trial judge did not sentence the defendant." 20 Or App at 548. We noted that although the lower court erred in merging the three crimes, "we cannot correct that error in this proceeding." 20 Or App at 548.

Secondly, defendant contends that the new order violates the rule of *State v. Turner,* 247 Or 301, 429 P2d 565 (1967), prohibiting imposition of a more severe sentence after a successful appeal. Both defendant and the state incorrectly analyze this case as a

*Turner* problem. In *Turner* the Oregon Supreme Court stated:

> "* * * After an appeal or post-conviction proceeding has resulted in *the ordering of a retrial for errors other than an erroneous sentence,* such as in the *Froembling* cases [*State v. Froembling,* 237 Or 616, 391 P2d 390, cert denied 379 US 937 (1964); *Froembling v. Gladden,* 244 Or 314, 417 P2d 1020 (1966)], and the defendant has again been convicted, no harsher sentence can be given than that initially imposed. If the initial sentence was incarceration, the defendant subsequently cannot be sentenced to any longer term than the time still to be served upon his initial sentence." 247 Or at 313. (Emphasis supplied.)

Here the case was not sent back for retrial. We simply set aside a sentence erroneously imposed under ORS 166.230(1).

*State ex rel Gladden v. Kelly,* 213 Or 197, 324 P2d 486 (1958), disposes of the issue raised in this case:

> "* * * [A] [trial] court retains jurisdiction of a cause when the sentence passed is totally void. * * * But when a valid sentence, even though excessive in part, has been imposed, and when the time for granting a new trial *or for taking an appeal* has expired and the term has passed, the trial court is without power to deal further with the case." 213 Or at 202. (Emphasis supplied.)

In this case the judgment was only partially void, not totally void.

> " 'A judgment is wholly void where it is void in part and the part which is void is not separable, but it is generally held that the fact that a judgment is void in part will not invalidate a separable remainder of the judgment.' " *Rightnour v. Gladden,* 219 Or 342, 354, 347 P2d 103 (1959). (Quoting from 49 CJS 881, Judgments, § 450.)

The enhancement penalty originally imposed on defendant was separable from the 15-year sentence. In the original *Thompson* opinion we pointed out that the state wanted to have the entire case remanded for

resentencing even though it had not appealed.[1] We did not do so. Rather, we set aside the sentence imposed under the enhancement statute and affirmed the remainder of the judgment.

The trial court should have simply vacated the five-year sentence imposed under ORS 166.230. It was without power to deal further with the case by imposing additional 15- and 5-year terms on the other counts.

Reversed.

---

[1] As we noted in *State v. Thompson,* 20 Or App 545, 532 P2d 1140 (1975), the state might have challenged failure of the court to sentence on the other counts, but it did not.