Argued August 19, affirmed September 27, reconsideration denied
November 3, petition for review denied December 21, 1976

STATE OF OREGON, *Respondent,*

*v.*

THOMAS O. TUCKER, *Appellant.*

(No. 5728, CA 6158)

554 P2d 547

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Freeman Tate,* certified law student, Howard University, Washington, D.C., argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

THORNTON, J.

## THORNTON, J.

Defendant was convicted after jury trial of theft in the first degree in violation of ORS 164.055. The subject of the theft was a used automobile. Callie Fitch was the contract purchaser of the vehicle; Don Bearteet was the legal owner.

Defendant appeals contending that the trial judge erred in denying his motion for judgment of acquittal. The motion was based on two grounds: (1) failure of proof and (2) variance between the crime charged in the information and the proof offered by the state.

The essential facts according to the state's evidence were as follows: In May 1975 Mrs. Fitch, who resided in Tacoma, Washington, drove the automobile involved to Madras, Oregon, to visit friends. While there her car developed mechanical problems. Not having enough money to have it fixed, she decided to put the car in storage, go home to secure the necessary money and return with someone who could fix it for her. When defendant offered to permit her to leave the car at his place, she accepted and returned to Tacoma.

On June 7, when she returned to Madras accompanied by a mechanic, she discovered that her car was no longer at defendant's residence. Defendant told her that someone from Tacoma had arrived in a tow truck, claimed the car, and towed it away. When Mrs. Fitch queried defendant as to the identity of the person who had taken the car, defendant said, "Well, the man you bought the car from." She immediately telephoned Mr. Bearteet, the legal owner, who resided in Tacoma. He stated that he had not picked up the car. She then notified the sheriff's office that her car had been stolen.

Mrs. Fitch testified that after returning to Tacoma she had never given anyone permission to move, sell or take her car away from defendant's property.

Dale Green, an acquaintance of defendant, testified

as follows: that in late May he asked defendant about the car in question; that Green's brother wanted to buy the car's engine; that defendant accepted Green's offer of $20 for the engine; that the car was then taken from defendant's property by Green's son-in-law and Green's brother; that the engine was removed from the car; that Green helped his brother transport the gutted car to the dump; that several days later defendant told him that a lady from Washington had come back for the car and that Green should get rid of the car's license plates.

Defendant testified that he had made numerous efforts to contact Mrs. Fitch in Tacoma about the car and could get no satisfactory answer from her; that later an unidentified man came to his home in an orange-colored tow truck; that the man was from Washington state; that he showed defendant the title to the vehicle and he allowed this individual to take it. Defendant denied the truth of most of the state's evidence of the circumstances surrounding the incident. In addition defendant offered the testimony of his fiancee and several others in support of his theory of the case.

There was additional evidence offered by the state tending to corroborate the state's version of the facts and to disprove defendant's account.

Taking up defendant's first contention, viz., that there was a failure of proof, it is well settled in this state that in reviewing the denial of a defendant's motion for a judgment of acquittal we view the evidence in the light most favorable to the state. *State v. Nix,* 7 Or App 383, 491 P2d 635 (1971).

After examining the record we conclude that there was more than sufficient evidence to enable a jury to infer that defendant had committed theft in the first degree by selling the vehicle to the Greens and was therefore guilty of the crime charged.

Second, defendant contends that a variance occur-

red because the information charged that the car belonged to the contract seller rather than to Mrs. Fitch as shown by the proof. This contention is untenable.

True the information alleged that the vehicle was the property of Don Bearteet. The proof established that Bearteet was the legal owner, that Mrs. Fitch was the contract purchaser and entitled to possession of the car at the time of the conversion, and that neither gave anyone permission to remove the car from defendant's property. Defendant was aware of the divided ownership of the vehicle. He was in no way prejudiced in the presentation of his defense. *See, State v. Hanson/Hughes,* 14 Or App 586, 513 P2d 1202, Sup Ct *review denied* (1973).

Affirmed.