Argued November 17, 1977, affirmed May 8, reconsideration denied
June 14, petition for review denied September 6, 1978

STATE OF OREGON, *Respondent,*

*v.*

DAN COSSETT, *Appellant.*

(No. C 76-10-14909 Cr, CA 8220,
No. C 76-10-14913 Cr, CA 8221)

(Cases consolidated)

578 P2d 423

Howard R. Lonergan, Portland, argued the cause for appellant. With him on the brief was Clinton A. Lonergan, Portland.

Carol Molchior, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Buttler, Judges.

LEE, J.

**LEE, J.**

Defendant appeals from judgments in two criminal actions, tried together, in which he was found guilty of disseminating obscene material in violation of ORS 167.087. Defendant contends (1) that as a matter of law, he had custody—as opposed to possession—of the obscene material; (2) that the admission of a certain list of films was error because the description of only one film included on the list was admissible; (3) that the trial court erred in sentencing defendant twice rather than merging the two sentences; and (4) that the trial court erred in denying defendant's motion for a new trial based upon post-trial discovery of a new witness.

The evidence shows that on September 22, 1976, a police agent bought an obscene film from defendant at his office in the warehouse of a corporation of which defendant was the president. Later that same day, a warrant was issued permitting the police to search the warehouse. The police found approximately 20 films, 50 magazines, and many film labels containing erotic matter. Defendant was thereafter indicted for disseminating obscene material by sale of an obscene motion picture and also by possessing obscene motion pictures with intent to sell them. A jury found defendant guilty of both charges and the trial court sentenced defendant on each charge.

Defendant contends that, as a matter of law, there is a distinction between "possession" and "custody" which must be recognized in a prosecution for disseminating obscene matter. ORS 167.087(1) provides in pertinent part that:

> "A person commits the crime of disseminating obscene material if he knowingly makes, exhibits, sells, delivers or provides, or * * * has in his *possession* with intent to exhibit, sell, deliver or provide any obscene writing, picture, motion picture, films, slides, drawings or other visual reproduction." (Emphasis supplied.)

Defendant moved for acquittal on the ground that he had custody—rather than possession—of the obscene matter owned by the corporation. Defendant also excepted to all jury instructions which failed to distinguish between possession and custody. Defendant has failed to cite any criminal law authorities for this distinction nor have we found any. On the other hand, we note that the legislature has defined the general term "possess" as follows:

" 'Possess' means to have physical possession or otherwise to exercise dominion or control over property." ORS 161.015(8).

We believe that this definition is controlling in the instant case. Therefore, if there was sufficient evidence for the jury to infer that defendant exercised "dominion or control" over the obscene matter, then defendant's motion for acquittal was properly denied. *See State v. Tucker,* 26 Or App 909, 912, 554 P2d 547, *rev den* (1976).

In reviewing the denial of a motion for judgment of acquittal, we view the evidence in the light most favorable to the state. *State v. Nix,* 7 Or App 383, 389, 491 P2d 635 (1971). In the instant case there was testimony that the obscene matter was located in a cabinet behind defendant's desk, in his office, in the warehouse owned by the corporation of which defendant is part owner. We, therefore, conclude that there was sufficient evidence to enable the jury to infer that defendant had possession of the obscene matter. The motion for acquittal was properly denied.

Defendant also contends that the admission of a certain descriptive list of films which included the film "Skoal," (which was the basis for one count of the possession indictment) was error because only the description of "Skoal" was admissible. The names and a brief description of about 45 adult films appear on the four page list. Each page also has an illustrative erotic photograph.

■ The state contends that the entire list was properly admitted under ORS 167.087(3) which provides:

> "In any prosecution for a violation of this section, *it shall be relevant on the issue of knowledge to prove* the advertising, publicity, promotion, method of handling or labeling of the matter, including any statement on the cover or back of any book or magazine." (Emphasis supplied.)

The photographs and the descriptions of the films were clearly intended to arouse sexual excitement. Thus, the entire list was part of the "advertising publicity, promotion, method of handling" of the particular film "Skoal," and therefore the list was relevant to show defendant's knowledge that "Skoal" was obscene.

Defendant next contends that the trial court erred in sentencing him twice rather than merging the two sentences. The evidence shows that defendant sold the obscene matter to a police agent about noon and that thereafter, in an authorized search of defendant's office on the evening of the same day, other obscene matter was found. Defendant was indicted and convicted of violating ORS 167.087 twice, on the basis that he *sold* obscene matter and that he subseqeuently *possessed* other obscene matter with intent to sell it.

■ Merger problems arise when a defendant is charged with a number of crimes arising out of a single transaction or course of conduct. *State v. Steele,* 33 Or App 491, 577 P2d 524 (1978). If the trier of fact determines that a defendant is guilty of several charges arising from such conduct, whether defendant can be convicted and sentenced on more than one crime is basically a question of legislative intent. *State v. Gilbert,* 281 Or 101, 574 P2d 313 (1978).

■ An analogous line of cases arising under ORS 167.207, criminal activity in drugs, reveals that the determination of legislative intent in cases where a defendant has violated the same statute in two different ways depends upon the facts of the particular case. Thus if defendant in the instant case were contending

that he was convicted of and sentenced for both selling and possessing the same obscene matter at the same time and place, he would be guilty of only one offense. *See State v. Miller,* 14 Or App 396, 400, 513 P2d 508 (1973); *State v. Morales,* 21 Or App 827, 829, 537 P2d 109, *former opinion adhered to* 22 Or App 470, 539 P2d 1112, *rev den* (1975). However, in the instant case defendant in fact sold obscene material at approximately noon to a police agent and that evening the police returned to defendant's warehouse and discovered that defendant possessed additional obscene material. Later, defendant was charged with and found guilty of selling obscene material at one time and also possessing additional obscene material at a later time. Certainly the legislature did not intend that once a defendant violates a statute, he may violate it a second time with impunity. Defendant's subsequent violation therefore subjected him to two separate charges and convictions and sentences. *See State v. Darroch,* 8 Or App 32, 37, 492 P2d 308 (1972).

■ Finally, defendant contends that the trial court erred in denying his motion for a new trial based upon post-trial discovery of a new witness. Defendant fails to state any reason why the witness could not have been discovered before trial by the exercise of due diligence. *See State v. Williams,* 2 Or App 367, 371, 468 P2d 909 (1970). The trial court did not abuse its discretion in denying a new trial.

Affirmed.