Argued and submitted December 12, 1979,
affirmed as modified and remanded February 19, 1980

# STATE OF OREGON,
*Respondent,*

*v.*

# DONALD EDWIN MILLER,
aka Donald Edward Miller,
*Appellant.*

## (No. 22744, CA 13673)

606 P2d 689

■■■■■■

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Karen H. Green, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

■■■■■■■

**JOSEPH, P.J.**

Following a jury trial, defendant was convicted of theft in the first degree. At sentencing the judge ordered restitution to the victim in the amount of $4,964, but he failed to schedule the payments pursuant to ORS 161.675(1). On appeal, this court remanded the case for resentencing to correct that error. *State v. Miller*, 37 Or App 108, 586 P2d 122 (1978). At resentencing the court did set up a schedule for repayment and also purportedly imposed additional restitution in the amount of $450 for the expenses incurred by the county in providing defendant's court-appointed counsel. On appeal from resentencing order on remand, defendant argues that the court erred in increasing the sanction imposed. The state responds that such error was waived by defendant's failure to make timely objection.

Citing *State v. Thompson*, 25 Or App 511, 514-15, 549 P2d 1292 (1976), the state concedes that the resentencing court was without power to impose costs upon defendant in addition to the restitution originally ordered. Although the present case was simply reversed and remanded *per curiam*, the cases cited[1] should have indicated to the resentencing court that the only error was an omission: failure to establish a schedule of repayment. The resentencing court was without power to assess additional sanction or otherwise deal further with the underlying valid sentence. *See State ex rel Gladden v. Kelly*, 213 Or 197, 202, 324 P2d 486 (1958); *State v. Stackman*, 43 Or App 235, 603 P2d 363 (1979).

Ordinarily defects in the terms of restitution are waived by failure of the defendant to make timely objection pursuant to ORS 137.106(3). *State v. Keys*, 41 Or App 379, 381, 597 P2d 1266 (1979); *State v. Daniels*, 41 Or App 243, 248, 597 P2d 1277 (1979). Here, the

---

[1] *State v. Calderilla*, 34 Or App 1007, 580 P2d 578 (1978); *State v. Ewing*, 36 Or App 573, 585 P2d 34 (1978).

defendant has not waived his objection to the increasing of the sanction, an act which the resentencing court was without any authority to do. *See State v. Braughton*, 28 Or App 891, 893-94, n 2, 561 P2d 1040 (1977).

Affirmed as modified and remanded with instructions to vacate that portion of the resentencing order imposing costs.