Argued and submitted November 10, affirmed in part;
reversed in part December 29, 1980

# STATE OF OREGON,
*Respondent,*
*v.*
# HELEN RITA HUYCK,
*Appellant.*

## (No. 10-80-02559, CA 18085)

621 P2d 98

Gary D. Babcock, Public Defender, Salem, filed the brief
and argued the cause for appellant.

John C. Bradley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

CAMPBELL, J. PRO TEMPORE.*

---

*Appointed to Supreme Court December 1, 1980.

## CAMPBELL, J. PRO TEMPORE

Defendant entered a plea of guilty to a charge of theft in the first degree. She was sentenced to pay restitution in the amount of $2,975 and costs in the amount of $150. She claims the trial court erroneously ordered her to pay these amounts because it failed to take into account her ability to pay them.

■■ In determining whether to order restitution, the trial court must take into account the financial resources of the defendant and the burden that payment of restitution will impose. ORS 137.106(2)(a). Similarly, the court cannot sentence a defendant to pay costs unless it determines that the defendant is or will be able to pay them. ORS 161.665(3). "If there is no likelihood that a defendant's indigency will end, a judgment of costs cannot be imposed." *State v. Fuller,* 12 Or App 152, 159, 504 P2d 1393 *rev den* (1973), *aff'd sub nom Fuller v. Oregon,* 417 US 40, 94 S Ct 2116, 40 L Ed 2d 642 (1974).

■ The record indicates that defendant's only source of income has been welfare. She has little personal property, is indebted to others in the amount of $1,500, and lacks the education and work skills needed to gain employment. The state concedes the record is inadequate with respect to ordering the payment of costs. The state contends that the defendant did not raise the issue of her inability to pay restitution below, which should preclude her from raising it for the first time on appeal. *See State v. Keys,* 41 Or App 379, 597 P2d 1266 (1979). We find that when defendant raised the issue of her ability to pay she sufficiently referred to the imposition of restitution as well as costs. Her claim of error is not waived. The order to pay costs and restitution is vacated.

■ Defendant was also ordered, as a condition of her probation, to serve 120 days in the custody of the Lane County Adult Corrections Facility. She contends this aspect of the sentence order constitutes cruel and unusual punishment. Considering the seriousness of the offense, the sentence is not so disproportionate as to shock the conscience of fair-minded persons. *State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978), *rev den* (1979).

Affirmed in part; reversed in part.