Argued and submitted June 22, affirmed in part;
remanded for resentencing in part October 5, 1981

## STATE OF OREGON,
### *Respondent,*
*v.*
## GERALD BOLDUC,
### *Appellant.*

(No. J80-1849, CA 19788)

634 P2d 267

John Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

William F. Gary, Solicitor General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant was convicted after trial by jury of tampering with a witness, ORS 162.285 and assault in the fourth degree. ORS 163.160. He was sentenced to one year in the county jail on the assault charge and placed on five year probation on the other charge. On appeal he contends that the court erred in not stating its reasons for the sentence imposed on the first charge and in failing to merge the two convictions for the purposes of sentencing.

The victim involved in these two charges testified against defendant in defendant's trial for burglary, which ended in a mistrial. Prior to the retrial, defendant and a companion assaulted the victim here in order to induce him not to testify. He testified in the retrial, but stated that he could not remember defendant's involvement in the burglary. Defendant was acquitted.

■   The state concedes that the trial court did not state any reasons for the sentence imposed on the tampering with a witness charge, but argues that it is apparent from the sentence imposed that the court adopted the reasons expressed by the prosecutor. In *State v. Thomas,* 48 Or App 921, 618 P2d 459 (1980), we rejected a similar contention, stating:

> "What may be garnered from putting together what the trial court said, what the prosecutor said and what the defense counsel said does not satisfy the statute. * * *" 48 Or App at 923.

*See also, State v. Biles,* 287 Or 63, 597 P2d 808 (1979); *State v. Evans,* 45 Or App 449, 608 P2d 602 (1980). The prosecutor recommended incarceration and expressed extensive reasons for that recommendation. Defendant's counsel recommended probation on both charges and stated his reasons. The court imposed sentences which did not comport with the recommendations of either attorney. It is difficult to conclude that the court adopted as its reasons the reasons expressed by the prosecutor. There have now been sufficient cases remanded to the trial courts because no reasons have been stated for the sentences imposed that trial judges ought to understand the statutory requirement is *mandatory.*

■    Regarding the question of merger, the state correctly points out that that issue was not raised by the defendant at sentencing. The trial court asked if there was any issue of merger. The prosecutor stated there was not, and defendant's counsel did not respond. The trial court could properly conclude that defendant was not raising the issue of merger and that it need not consider merger for sentencing. Because the issue was not raised at the sentencing hearing, we decline to consider it. *State v. Evans* 290 Or 707, 625 P2d 1300 (1981); *State v. Harris,* 287 Or 335, 599 P2d 456 (1979); *State v. Applegate,* 39 Or App 17, 591 P2d 371, *rev den* 287 Or 301 (1979).

The sentence on the charge of tampering with a witness is vacated and the case is remanded for resentencing.

Affirmed in part; remanded for resentencing in part.