Argued and submitted July 12, vacated;
remanded for resentencing August 4, 1982

STATE OF OREGON,
*Respondent,*
*v.*
JAMES CHANCY BARNES,
*Appellant.*

(No. 81-1347, CA A23343) (Control)
(No. 81-1805, CA A23344)
(Cases consolidated)

648 P2d 1306

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the briefs was Gary D. Babcock, Public Defender, Salem.

James E. Mountain, Jr., Deputy Solicitor General, Salem, argued the cause for respondent. With him on the briefs were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant appeals from judgments of conviction entered in two separate criminal actions which were consolidated at trial and on appeal. Defendant challenges the sentences imposed and the failure to merge the two offenses into one conviction.

In case 81-1347, defendant was convicted of theft in the first degree, ORS 164.055, and sentenced to a term of three years imprisonment and ordered, as a condition of parole, to make restitution to the victim and to pay costs. In case 81-1805, defendant was convicted of forgery in the second degree, ORS 165.007, and sentenced to one year in the county jail with execution of the sentence suspended. Defendant was placed on five years' probation, to commence upon his release from imprisonment on the theft charge and was required to pay costs.[1]

The state concedes that it was error to impose a five year probationary term consecutive to the three year sentence on the theft conviction. We agree. *State v. Lippert,* 53 Or App 358, 362, 632 P2d 28 (1981); *State v. Maddox,* 29 Or App 787, 564 P2d 1372, *rev den* 280 Or 171 (1977); ORS 137.010(3).

Defendant also contends that it was error to order the payment of restitution and costs during the periods of parole and probation, because the trial court did not make a finding that defendant is or will be able to pay them. At sentencing, defendant argued that he was unable to pay restitution or attorney fees. The trial court responded by observing, "Well, the payment would be after he is released." The state argues that "the court's comment indicates that it believed the defendant had a future ability to pay such costs and restitution. Statements in the presentence report buttress the court's apparent conclusion."

---

[1] The costs, in both cases, were the fees of court appointed counsel. ORS 161.665(1).

■    The court may order restitution, ORS 137.106,[2] and the payment of costs. ORS 161.665.[3] In *State v. Huyck,* 49 Or App 1087, 621 P2d 98 (1980), we said:

> "In determining whether to order restitution, the trial court must take into account the financial resources of the defendant and the burden that payment of restitution will impose. ORS 137.106(2)(a). Similarily, the court cannot sentence a defendant to pay costs unless it determines that the defendant is or will be able to pay them. ORS 161.665(3)."

It is true, as the state argues, that the presentence report detailed defendant's education, work skills, employment history and past income and that he had no assets nor debts. The difficulty, however, is that the record does not demonstrate that the trial court took into account the

---

[2] ORS 137.106 provides in relevant part:

"(1) When a person is convicted of criminal activities which have resulted in pecuniary damages, in addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim.

"(2) In determining whether to order restitution which is complete, partial or nominal, the court shall take into account:

"(a) The financial resources of the defendant and the burden that payment of restitution will impose, with due regard to the other obligations of the defendant;

"(b) The ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court;

" * * * * *"

[3] ORS 161.665 provides:

"(1) The court may require a convicted defendant to pay as costs those expenses specially incurred by the state in prosecuting the defendant. Costs include the compensation of appointed counsel and expenses as determined under ORS 135.055(6). * * *

"(2) The court shall not sentence a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose.

"(3) A defendant who has been sentenced to pay costs and who is not in contumacious default in the payment thereof may at any time petition the court which sentenced the defendant for remission of the payment of costs or of any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the immediate family of the defendant, the court may remit all or part of the amount due in costs, or modify the method of payment under ORS 161.675."

statutory factors before making a determination that defendant make restitution and pay costs. *See State v. Normile,* 52 Or App 33, 40, 627 P2d 506 (1981); *State v. Huyck, supra; State v. Fuller,* 12 Or App 152, 504 P2d 1393, *rev den* (1973), *aff'd sub nom Fuller v. Oregon,* 417 US 40, 94 S Ct 2116, 40 L Ed 2d 642 (1974). The orders to make restitution and the imposition of costs were in error. Because the cases are being remanded for resentencing on other grounds, the trial court may reconsider its orders of restitution and the imposition of costs.

■        Defendant's last contention is that the two convictions should have been merged into one conviction. That issue was not raised in the trial court, and we will not consider it. *State v. Evans,* 290 Or 707, 713, 625 P2d 1300 (1981); *State v. Bolduc,* 54 Or App 91, 94, 634 P2d 267 (1981).

The order of restitution in case 81-1347 and the imposition of costs in cases 81-1347 and 81-1805 are vacated. Cases 81-1347 and 81-1805 are remanded for resentencing.