Argued and submitted October 24, 1983, modified in part; vacated in part; affirmed as modified March 7, 1984

# STATE OF OREGON,
*Respondent,*

*v.*

# JAMES CHANCY BARNES,
*Appellant.*

(81-1347 & 81-1805; CA A26675 & A26676)
(Cases consolidated)

677 P2d 1103

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals the sentences imposed pursuant to our remand. 58 Or App 516, 648 P2d 1306 (1982). He was convicted of second degree forgery and first degree theft. The charges arose from an incident in which defendant forged a check as payment for an automobile. Originally he received a sentence of three years imprisonment on the theft conviction and a one year suspended sentence and five years' probation on the forgery charge, the probation to commence upon his release from imprisonment on the theft charge. The conditions of probation included payment of costs and enrollment in an alcohol treatment program. As conditions of any parole on the theft charge, he was ordered to obtain alcohol abuse counseling, to pay costs and to make restitution to the victim. Defendant appealed, and we concluded that it was error to impose the five-year probationary term consecutive to the three-year sentence on the theft conviction and also found that the record did not indicate that the trial court considered the statutorily required factors in imposing restitution and costs. ORS 137.106, 161.665.

We declined to review defendant's claim that the convictions should have been merged for sentencing, because the issue was not raised in the trial court. We remanded, stating:

> "* * * The orders to make restitution and the imposition of costs were in error. Because the cases are being remanded for resentencing on other grounds, the trial court may reconsider its orders of restitution and the imposition of costs.

> "* * * * *

> "The order of restitution in [the theft case] and the imposition of costs in [the theft case and the forgery case] are vacated. [The theft case] and [the forgery case] are remanded for resentencing." 58 Or App at 520.

On resentencing, the terms of probation were modified to commence on the date of the original sentencing and to indicate reasons for imposing restitution and costs. In this appeal, defendant contends that his forgery and theft convictions should have been "merged" and that the trial court erred in requiring him to pay restitution and costs. He contends that the trial court erred in imposing costs and restitution because

there was no finding that he is or will be able to pay them and no likelihood that his indigency will end.

■ The court's resentencing order provides in part:

"The Court further finds, based on statements and the information contained in the presentence report that defendant has had a long period of time as a responsible and productive citizen, that his failure to continue in that capacity apparently occurred by reason of alcohol abuse, that with defendant's sales experience and ability, defendant should be able to make restitution to the Court and the county that has supported his defense and to the victim. At the time of defendant's subsequent release from custody and while on probation and parole, defendant shall pay the amounts previously ordered in such monthly amounts as established by his probation officer, taking into consideration defendant's earnings, abilities and his status. The defendant is not a welfare person and he can be a productive person; he should not be excused from financial obligations because he has abused alcohol and because he is 61 years of age."

We conclude that on resentencing the court took into account the defendant's ability to pay costs and restitution[1] and that there is evidence to support the court's conclusion that defendant's indigency is likely to end and he will be able to pay costs and restitution.

In his previous appeal, defendant argued that his forgery and theft convictions should have been "merged." We declined to consider the issue, because defendant had not raised it at sentencing. At the resentencing on our remand, defendant did request merger of the convictions. The court declined to address the issue. The state conceded at oral argument that the convictions should have been merged but argues that the trial court was only authorized to correct the erroneous parts of the judgment we identified and could not alter the judgment otherwise. The state cites *State v. Miller,* 44 Or App 625, 606 P2d 689 (1980), where, after remand, the trial court ordered defendant to pay additional costs. We stated:

"Citing *State v. Thompson,* 25 Or App 511, 514-15, 549 P2d 1292 (1976), the state concedes that the resentencing court was without power to impose costs upon defendant in

---

[1] Defendant does not argue that the court failed to take into account any other statutory factor.

addition to the restitution originally ordered. Although the present case was simply reversed and remanded *per curiam,* the cases cited should have indicated to the resentencing court that the only error was an omission: failure to establish a schedule of repayment. The resentencing court was without power to assess additional sanction or otherwise deal further with the underlying valid sentence. *See State ex rel Gladden v. Kelly,* 213 Or 197, 202, 324 P2d 486 (1958); *State v. Stackman,* [sic] 43 Or App 235, 603 P2d 363 (1979)." 44 Or App at 627. (Footnote omitted.)

The quoted language from *Miller* appears to limit the trial court's authority on resentencing to correction only of the portions of the sentence we determined to be in error. In *Miller,* there was no challenge to the sentence as such; the error we identified was an omission to include a payment schedule for the costs and restitution previously ordered. We remanded for the court to correct the omission. The resentencing court, in imposing additional costs, was not just correcting an erroneous sentence but was adding additional sanctions. The cases we cited in support of the statement in *Miller* hold that additional penalties may not be imposed following a defendant's successful appeal. That was the basis of the statement quoted above from *Miller.*

In this case, we vacated the sentence because it was erroneous and remanded for resentencing. The terms of our remand did not foreclose the trial court from correcting a sentence that was invalid as a matter of law. *See State v. Key,* 54 Or App 575, 635 P2d 1039 (1981), *rev den* 292 Or 568 (1982). Merging the convictions for a single sentence did not increase the punishment, which would have been contrary to the principle enunciated in *State v. Stockman,* 43 Or App 235, 603 P2d 363 (1979), and would not require the court to reevaluate a discretionary decision that had not been challenged on appeal.

The state's argument implies that, because defendant had failed to raise the merger issue properly before the first appeal, that issue is foreclosed from any subsequent review. The raise or waive rule, which foreclosed review of the merger issue in the first appeal, is based essentially on considerations of judicial economy. If the issue is properly raised in the trial court, the court will have an opportunity to rule and the parties fully to develop the record. No appeal may

be necessary. We adhere to that rule but conclude that its invocation is not appropriate in this case. On remand, defendant raised the issue, the court was given an opportunity to rule and the parties were afforded an opportunity to complete the record. In this instance, society's interest in punishing convicted defendants by valid sentences outweighs any need for judicial economy or inflexible enforcement of appellate procedure. Defendant gets a second bite at the apple, but the trial court has a second opportunity to impose a lawful sentence.

■    We agree with the state's concession that as a matter of law the two charges should be merged for sentencing. It is unnecessary to remand for resentencing. We modify the judgment to merge the two convictions and vacate the sentence on the forgery charge. Because defendant was convicted of both charges, the court had authority to impose costs related to both convictions. ORS 161.665(1). The judgment imposing costs relating to both convictions and restitution on the theft charge is affirmed.

Judgment modified to merge convictions; sentence on forgery charge vacated; affirmed as modified.