Argued and submitted February 22, reversed and remanded for new trial November 23, 1988, reconsideration denied January 13, petition for review denied January 31, 1989
(307 Or 340)
See 307 Or 173, 764 P2d 924 (1988) for opinion on attorney fees

STATE OF OREGON,
*Respondent,*

*v.*

ROBERT EUGENE HALL,
*Appellant.*

(M 70657; CA A45763)

764 P2d 926

Laura Graser, Portland, argued the cause and filed the brief for appellant.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief

were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Graber, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for attempted burglary in the second degree. He was charged with attempted burglary in the second degree and attempted theft in the second degree, both misdemeanors. The complaint alleged, in Count 1, that defendant did

"attempt to enter and remain in a building * * *, with the intent to commit the crime of Theft therein."

Count 2 of the complaint alleged that he did

"attempt to commit theft of property."

After a trial without a jury, the court found him guilty of attempted burglary but not guilty of attempted theft. Defendant contends that the finding of guilty of attempted burglary is repugnant to the finding of not guilty of attempted theft. He argues that the conviction must be reversed with no opportunity for the state to retry him on that charge. Alternatively, he argues that because there was no written waiver of trial by jury he is entitled to a new trial. We reverse and remand for a new trial of attempted burglary in the second degree.

On the evening of the crime, Ms. McElligott, an employe of Pal Joey's, was working in the office of the establishment. Defendant was a former employe and knew that the office contained liquor and money. The office was off limits to the public and employes other than McElligott and the owners. At about 7 p.m., McElligott heard the doorknob of the locked office "jiggle" several times and then saw a plastic card being inserted between the door and the frame near the lock. She opened the door and saw defendant crouched down in front of the door. He had a plastic card in his hand, which McElligott thought was a driver's license. Defendant said he was looking for the owner and then left. Defendant testified that he had not inserted a card into the door lock.

■ In his first claim of error, defendant contends that the two verdicts are repugnant. He argues that when the trial court found him not guilty of attempted theft, it necessarily found that his actions were not a substantial step toward commission of attempted burglary. Defendant did not raise this issue at trial, so the court did not explain the basis of its verdicts. Verdicts are not inconsistent or repugnant if there is a logical explanation consistent with a valid verdict. The trial

court could logically have concluded that defendant's conduct in walking into the restricted area and grabbing the doorknob to see if the door was locked, in conjunction with his intent to commit theft if he got into the office, was a substantial step toward commission of burglary. It is not illogical for the court to conclude that the same conduct was not a substantial step toward commission of theft of property in the office. The two verdicts were not repugnant.

■ The state concedes, and we agree, that defendant is entitled to a new trial because there is no written waiver of trial by jury in the record. Or Const, Art I, § 11; ORS 136.001; *State v. Milstead,* 57 Or App 658, 646 P2d 63, *rev den* 293 Or 483 (1982). However, the state argues that the trial was procedurally flawed from the beginning because there was not a proper jury trial waiver and defendant can be retried on both charges. In other words, the state contends that the entire trial, including the acquittal, was a nullity. We disagree.

The state's contention, made only at oral argument in this court, misunderstands the nature of defendant's appeal. He appealed the judgment of conviction for attempted burglary, ORS 138.040; he did not appeal the trial proceedings. He claimed error in that the court did not have him execute a written waiver of jury trial. The relief he sought was reversal of the conviction and a new trial on that charge. Reversal of the judgment does not nullify the verdict of the trial court finding defendant not guilty of attempted theft. The state articulated the principle in a petition for reconsideration in *State v. Morales,* 22 Or App 470, 539 P2d 1112, *rev den* (1975):

> " 'Thus, a Court of Appeals or Supreme Court reversal would *not* automatically revert the entire conglomeration of proceedings to the *status quo ante.* Only that which was appealed could be reversed; the dismissals would stand. Traditional principles governing jeopardy would forever foreclose the State from proceeding further with any of the dismissed charges.' " 22 Or App at 472.

Reversed and remanded for new trial on attempted burglary.