Argued October 26, affirmed November 10, petition for
rehearing denied December 6, 1972, petition
for review denied January 17, 1973

## STATE OF OREGON, *Respondent, v.* VERNON ROBERT GRIFFIN (No. 94030), *Appellant.*

502 P2d 614

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief were Gary D. Babcock, Public Defender, and J. Marvin Kuhn, Deputy Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

## LANGTRY, J.

This is an appeal from an order revoking probation and imposing a five-year sentence. Defendant contends that the trial court did not have jurisdiction over him because the order placing him on probation was not statutorily authorized.

Defendant was found guilty on August 20, 1969 of failure to provide support for minor children. Former ORS 167.605. On October 15, 1969 the imposition of sentence was suspended and defendant was placed on three years' probation. In December 1970 the prosecutor initiated proceedings to revoke proba-

tion, and a bench warrant issued. On April 8, 1971 a show cause hearing was held concerning probation revocation. Upon the conclusion of this hearing an order revoking probation issued and in and as a part of the same action it was ordered that sentence be imposed the next day. At the sentence hearing the next day, April 9, 1971, the court imposed probation again, this time placing defendant on probation for a period of five years from October 14, 1969 (the date of commencement of his original probation term) and imposing several new conditions upon the defendant including that he serve 120 days in the county jail. On May 18, 1972 this probation was revoked upon a show cause order when defendant admitted violation of a condition of his probation and on May 22, 1972 defendant was sentenced to five years' imprisonment, with credit for time previously served. It is from the May 1972 proceedings that defendant appeals.

■ Primarily, the issue is whether the trial court by issuing its order revoking probation on April 8, 1971 lost its power and could not the next day suspend imposition of sentence and again place the defendant on probation. If this was punishment and it was imposed without authorization by statute the judgment is void. *State v. Sisney*, 250 Or 198, 440 P2d 372 (1968); *State v. Cotton*, 240 Or 252, 254, 400 P2d 1022 (1965).

The defendant has based his argument on the provisions of the current law.① We consider only the

---

① Defendant calls to our attention that part of ORS 137.010 which provides:

"(5) * * * [W]hen a suspended sentence or probation is revoked, the court shall impose the following sentence:

"(a) A term of imprisonment; or

law in effect before the criminal code revision of 1971 because defendant's indictment was based on an act that occurred prior to January 1, 1972. ORS 161.035 (3). Moreover, defendant challenges the trial court's power to place him on probation on April 9, 1971, and the validity of that act can only be tested by the law in effect on that date.[2]

Former ORS 137.550 reads:

"(1) Subject to the limitations in subsection (1) of ORS 137.510:

"(a) The period of probation shall be such as the court determines *and may, in the discretion of the court, be continued or extended.*

"* * * * *

"(2) At any time during the probation period, the court may issue a warrant and cause a defendant to be arrested for violating any of the conditions of probation. * * * *Thereupon the court, after summary hearing, may revoke the probation and suspension of sentence and cause the sentence imposed to be executed or, if no sentence has been imposed, impose · any sentence which originally could have been imposed * * *.*" (Emphasis supplied.)

Former ORS 137.510 (1) reads:

"The courts * * * may:

"(a) Suspend the imposition or execution of

---

"(b) A fine; or

"(c) Both imprisonment and a fine; or

"(d) Discharge the defendant."

This language was not in ORS 137.010 at the time of defendant's sentencing on April 9, 1971.

[2] The actual changes made by the 1971 criminal code revision have not changed the basic scheme of ORS ch 137; however, we do not decide whether our determination of the question presented here would be the same after the 1971 revision.

sentence for any crime or offense for any period not to exceed five years; and may also

"(b) Place the defendant on probation for a definite or indefinite period not less than one nor more than five years."

What is left of defendant's argument is based on that part of ORS 137.550 (2) which states "* * * if no sentence has been imposed, impose *any sentence* which originally could have been imposed * * *." (Emphasis supplied.) Defendant was convicted of violating former ORS 167.605 which reads:

"Any person [convicted hereunder] * * * shall be punished * * * by confinement in the penitentiary for not more than five years or by imprisonment in the county jail for not more than one year * * *."

Defendant argues the trial court could only sentence him according to the provisions of former ORS 167.605 and thus the court had no authority to place him on probation and suspend imposition of sentence.

■ This argument would require us to ignore the provisions of ORS ch 137. While there is no provision of the statute that authorizes a judge to suspend imposition of sentence and place a defendant on probation after his previous probation has been revoked, the provisions of ORS ch 137 indicate that the trial court should have the power to place a defendant on probation at his discretion. Former ORS 137.510 (2) reads:

"The power of the judge of any court to suspend execution of sentence or to grant probation to any person convicted of a crime shall continue until such person is delivered to the executive head of the penal, reformatory or correctional institution designated in the judgment."

Former ORS 137.550 (1)(a) above gives the court the

power to alter the length of the term of probation. Former ORS 137.540 gives the court the power to alter the terms and conditions of the probation:

"The court shall determine, and may at any time modify, the conditions of probation, which may include, as well as any others, that the probationer shall:

"* * * * *

"(9) Be confined to the county jail for a period not to exceed one year or one-half of the maximum period of confinement that could be imposed for the offense for which the defendant is convicted, whichever is the lesser.

"* * * * *."

■ ■ A revocation of probation hearing and the subsequent imposition of sentence hearing are generally considered one and the same. *Gebhart v. Gladden*, 243 Or 145, 150, 412 P2d 29 (1966). The language of the order of April 8, 1971 revoking probation ties the sentencing order of April 9, 1971 to it. Each is part of the same transaction. Read together these orders modify the conditions of probation (authorized under ORS 137.540) and extend the length of the probation (authorized by ORS 137.550 (1) (a)).

Affirmed.