Argued October 8, reversed October 22, 1973

# STATE OF OREGON, *Respondent, v.* JACK R. DUNCAN, *Appellant.*

514 P2d 1367

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

TANZER, J.

This is an appeal from a revocation of probation.

Defendant was indicted for the crime of obtaining money and property by false pretense. Following a plea of guilty, the circuit court on June 19, 1967 suspended imposition of sentence and placed defendant on probation for a period of four years. On July 27, 1970 defendant's probation was revoked because of violation of probation conditions (including conviction of a new crime), and the court sentenced him to the custody of the Corrections Division for a period not to exceed four years; however, the court suspended execution of the sentence and placed defendant on probation for four years. Defendant continued on probationary status until April 24, 1973, when the circuit court revoked his probation again for violation of probation conditions and ordered that the four-year sentence imposed on July 27, 1970 be executed. It is from this last order that defendant appeals.

The validity of the 1973 order revoking probation and executing sentence depends in turn upon the authority of the court in 1970 to extend probation for

an additional four years or for seven years' probation in the aggregate.

■ The Supreme Court has held that the sentencing authority exists by virtue of statutory grant and cannot be exercised in any manner without specific statutory authority. It stated in *State v. Cotton,* 240 Or 252, 254, 400 P2d 1022 (1965):

> "The court in imposing punishment for a criminal offense is limited strictly to the provisions of the applicable statute, and any deviation from the statute in the mode, extent or place of punishment renders the judgment void. * * *"

This court applied the same rule in *State v. Griffin,* 11 Or App 453, 502 P2d 614 (1972), Sup Ct *review denied* (1973).

The authority of the court at the 1970 revocation hearing is set forth in ORS 137.550, which read in part as follows:

> "(1) Subject to the limitations in subsection (1) of ORS 137.510:
>
> "(a) The period of probation shall be such as the court determines *and may, in the discretion of the court, be continued or extended.*
>
> "* * * * *
>
> "(2) At any time during the probation period, the court may issue a warrant and cause a defendant to be arrested for violating any of the conditions of probation. * * * *Thereupon the court, after summary hearing, may revoke the probation and suspension of sentence and cause the sentence imposed to be executed or, if no sentence has been imposed, impose any sentence which originally could have been imposed.* * * *" (Emphasis supplied.)

The limitations of former ORS 137.510 (now sub-

stantially re-enacted as ORS 137.010) on the court's power under ORS 137.550 (1) (a) are as follows:

> "The courts * * * [upon conviction] may:
>
> "(a) Suspend the imposition or execution of sentence for any crime or offense for any period not to exceed five years; and may also
>
> "(b) Place the defendant on probation for a definite or indefinite period not less than one nor more than five years.
>
> "* * * * * *"

■ The five-year limitation controls the aggregate period of probation which the court may grant, either in the first instance or by continuations and extensions. A contrary interpretation allowing five-year extensions or continuations of probation seriatim would allow the sentencing court to maintain an individual on probation indefinitely. We believe that the plain words of former ORS 137.510 as applied to ORS 137.550 bespeak a legislative policy that a person convicted of crime not be subjected for more than five years to the threat of incarceration for violation of the terms of probation by revocation proceedings.

■ Therefore, the continuation of probation at the July 27, 1970 hearing beyond five years from its commencement, i.e., beyond June 19, 1972, was beyond the court's authority and void.

■ The state argues that subsection (2) of ORS 137.550, free from the five-year limitation, which says the court may "if no sentence has been imposed, impose any sentence which originally could have been imposed," authorized the court in 1970 to impose sentence, suspend it and grant probation anew. To the contrary, the word "sentence" as used here refers to incarceration rather than to probation. The concepts of pro-

bation and sentence are distinct. While a person is on probation he is under the supervision of a court in lieu of sentence. *State v. Gates,* 230 Or 84, 92, 368 P2d 605 (1962); *State v. Ludwig,* 218 Or 483, 486, 344 P2d 764 (1959). The authorization contained in ORS 137.550 (2) to "impose any sentence which originally could have been imposed" refers to a term of imprisonment, and not to an additional period of probation. *See, Barker v. Ireland,* 238 Or 1, 3, 392 P2d 769 (1964).

■ The 1970 extension of probation being void beyond June 19, 1972, the court had no authority on April 24, 1973 to revoke probation and order execution of the previously suspended sentence.[①] The record discloses no objection or exception to the action of the trial court at either hearing. It is thus apparent that the trial court acted with the assent of the defendant, who may well have preferred an extension of his probation to a sentence of incarceration. Assent, however, cannot confer authority.

Reversed.

FOLEY, J., dissenting.

In the present case the defendant was initially placed on probation for four years and his probation was revoked after three years. The court then sentenced the defendant to a four-year term of imprisonment authorized by ORS 137.550 which provides "* * * [the court may] impose any sentence which originally could have been imposed. * * *" This was on July 27, 1970. The court at that time considered that it had two options—immediate imprisonment or an additional time of probation for him. Instead of

---

[①] Furthermore, the warrant for defendant's arrest did not issue in time for jurisdiction to be extended under the rule of Bryant v. State, 233 Or 459, 378 P2d 951 (1963).

incarcerating the defendant, the court obviously felt that his chances for rehabilitation would be enhanced by extending him another opportunity on probation. The defendant accepted the probation. The majority holds that the extension of probation beyond five years from its commencement, to-wit, "beyond June 19, 1972, was beyond the court's authority and void." Even if we accept this as the law, that should not make void the four-year sentence which was imposed and which was to be executed if probation did not work out.

While in my view it would be more consonant with the rehabilitative philosophy expressed in our constitution[1] to permit the defendant to accept probation, at least during the period of his unexecuted sentence, certainly he should not be permitted to escape answering for his offense by the device of accepting the lesser intrusion and then, when caught in his own trap of probation violation, be heard to say it was all unlawful anyway. It is my view that the defendant, at least, should be required to serve the unexpired portion of his four-year sentence.[2] The majority declares void both the four-year sentence and the probation. I therefore dissent.

---

[1] The Constitution of Oregon provides:

"Laws for the punishment of crime shall be founded on the principles of reformation * * *." Art I, § 15.

[2] While argument may be made that such a rule as here contended for would permit a judge to, in effect, keep a defendant on probation during the period of his unexecuted sentence, even though it were for a longer period than five years, the statute contains provision for terminating probation when it has served its purpose. ORS 137.550 (1) (b) provides: "The court may at any time discharge a person from probation."