Argued May 18, remanded for resentencing June 6, reconsideration denied July 13, petition for review denied October 18, 1977

STATE OF OREGON, *Respondent,*

*v.*

HERBERT B. MADDOX, *Appellant.*

(No. 76-07-09385, CA 7576)

564 P2d 1372

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Glenda L. Green, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Johnson, Judges.

JOHNSON, J.

## JOHNSON, J.

Defendant pled guilty to three charges of theft in the first degree. On two of the charges the trial court sentenced defendant to two five-year terms of imprisonment to run consecutively. On the third charge the trial court suspended imposition of sentence and placed defendant on five years' probation to begin upon defendant's release from physical custody for the first two charges. Defendant assigns as error the suspended imposition of sentence on the third charge.

The question presented is whether the trial court was authorized under ORS 137.010 to delay for potentially more than five years the commencement of probation. ORS 137.010(2) and (3) provide:

"When a person is convicted of an offense, if the court is of the opinion that it is in the best interests of the public as well as of the defendant, the court may suspend the imposition or execution of sentence for any period of not more than five years.

"If the court suspends the imposition or execution of sentence, the court may also place the defendant on probation for a definite or indefinite period of not less than one nor more than five years."

The state contends that, because the trial court has the power to impose consecutive sentences, it also has the power to impose delayed probation regardless of the duration of the delay as long as probation is to run consecutive to another sentence. However, the analogy fails. In *State v. Duncan,* 15 Or App 101, 104-05, 514 P2d 1367 (1973), we stated within the context of ORS 137.550(2) and ORS 137.510, subsequently re-enacted as ORS 137.010, that:

"* * * The concepts of probation and sentence are distinct. While a person is on probation he is under the supervision of a court in lieu of sentence. [Citing cases.] The authorization contained in ORS 137.550(2) to 'impose any sentence which originally could have been imposed' refers to a term of imprisonment, and not to an additional period of probation. [Citing case.]"

ORS 137.010(2) and (3) limit the court's supervisory jurisdiction over defendant to a maximum of five years from the date of disposition.

Remanded for resentencing.