Argued and submitted August 9, 1985, affirmed as modified March 26, reconsideration denied April 25, petition for review denied July 1, 1986 (301 Or 320)

## STATE OF OREGON,
*Respondent,*

*v.*

## ROGER ALLEN MARSH,
*Appellant.*

(CC84-515; CA A34066)

716 P2d 261

Ernest E. Estes, Deputy Public Defender, Salem, argued

the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant was convicted, after a trial to the court, of the crime of exconvict in possession of a firearm. ORS 166.270. His appeal raises three issues. First, he contends that the firearm on which the charge was based was discovered during an unlawful search of a car in which he was riding. Second, he contends that there was insufficient evidence of his possession of the gun to support the guilty verdict. Third, he contends that the trial court erred in sentencing him to a five-year term of probation to commence on his release from the penitentiary where he is serving time for another offense.

On June 25, 1984, Clatsop County Deputy Sheriff Whisler stopped a vehicle driven by Patricia Peterson in which defendant was a passenger. The car was owned by defendant's mother, who had given Peterson permission to drive it. Defendant testified that his mother would not let him "use" the car, because his license was suspended, but she approved of his riding and traveling with Peterson. Whisler knew that the vehicle and its occupants were linked to a series of recent credit card forgeries in the Seaside area. Whisler removed defendant and Peterson from the car, arrested them and had them transported to the county jail. The propriety of that stop and seizure is not challenged.

Sergeant Barnett of the Seaside Police Department, who was not present at the stop, was informed of the arrest. He also knew that the credit cards used in the forgeries had been stolen during an armed robbery in Portland. He requested that Whisler impound the vehicle, and it was towed to an impoundment lot used by the county. Barnett met Whisler at the lot, and the two officers conducted an inventory of the car's contents. After opening the trunk of the car, Barnett observed a black purse with a broken zipper. He testified that, when he picked up the purse, "it flopped open, and I could see the white grips of the pistol inside." He showed the purse to Whisler and replaced the purse in the trunk, without removing the weapon. Barnett testified that he made no attempt to open the purse. He obtained a search warrant and seized the weapon pursuant to that warrant.

■ Defendant moved to suppress the weapon, claiming that the inventory was unlawful and the evidence was suppressable under ORS 133.683 and ORS 133.693 and Article I,

section 9, of the Oregon Constitution.[1] The burden was on the state to establish the validity of the inventory, ORS 133.693(4), or to show that the weapon would have been discovered irrespective of it. ORS 133.683. The state argued, first, that defendant had neither a possessory interest nor an expectation of privacy in the vehicle's trunk which would allow him to challenge the validity of the inventory. It also argued that the inventory was lawful under *State v. Atkinson,* 298 Or 1, 688 P2d 832 (1984), and that, even if the inventory were unlawful, the weapon would inevitably have been discovered lawfully and independently of the inventory search. The trial court agreed with all of those contentions and denied defendant's motion. Defendant appeals.

■ We do not need to decide if the inventory was valid under *State v. Atkinson, supra,* because the trial court correctly ruled that the weapon would inevitably have been discovered lawfully and independently of the inventory. Barnett's information linked defendant and the vehicle in which he was riding to the credit card forgeries and an armed robbery. Barnett's affidavit, excluding any information or evidence obtained during the inventory, contains sufficient facts to support the issuance of a warrant to search the vehicle for a weapon. Because the weapon would have been discovered irrespective of the inventory, the trial court did not err in denying defendant's motion to suppress.

---

[1] ORS 133.683 provides:

"If a search or seizure is carried out in such a manner that things seized in the course of the search would be subject to suppression, and if as a result of such search or seizure other evidence is discovered subsequently and offered against a defendant, such evidence shall be subject to a motion to suppress unless the prosecution establishes by a preponderance of the evidence that such evidence would have been discovered by law enforcement authorities irrespective of such search or seizure, and the court finds that exclusion of such evidence is not necessary to deter violations of ORS 133.525 to 133.703."

ORS 133.693(4) provides:

"Where the motion to suppress challenges evidence seized as the result of a warrantless search, the burden of proving by a preponderance of the evidence the validity of the search is on the prosecution."

Article I, section 9, of the Oregon Constitution provides, in pertinent part:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure * * *."

Defendant relies only on Oregon authority and does not challenge the search under federal law.

■ ■　Defendant's second assignment contends that the trial court erred in denying his motion for acquittal on the ground that there was insufficient evidence of his possession of the weapon. Possession of a gun can be constructive as well as actual.

> "* * * To prove constructive possession the state must show the defendant knowingly exercised control of or the right to control the contraband. * * * The right of control may be exercised jointly with other persons, it need not be exclusive in order for the defendant to be criminally responsible. * * *" *State v. Coria,* 39 Or App 507, 511, 592 P2d 1057, *rev den* 286 Or 449 (1979). (Citations omitted.)

Defendant testified at trial that he knew the gun was in the purse in the trunk and that he told Peterson, that "We've got to get rid of that." Peterson testified that the gun did not belong to defendant and that she put it in the purse. Defendant's admitted knowledge that the gun was in the car, available for his use, is sufficient evidence to support the conclusion that he was in constructive possession of the weapon. *State v. Miller,* 238 Or 411, 395 P2d 159 (1964). The trial court did not err in denying his motion.

■　Defendant's third assignment contests the trial court's authority to sentence him to five years probation to begin after his release from confinement on a previous charge. *State v. Mock,* 67 Or App 532, 679 P2d 330 (1984), and *State v. Maddox,* 29 Or App 787, 564 P2d 1372, *rev den* 280 Or 171 (1977), hold that ORS 137.010[2] limits the sentence of probation which a trial court may impose to five years *from the date of imposition* of sentence. The state concedes that that is the rule but argues that defendant agreed to the sentence imposed in this case. The trial court's authority to impose a sentence is limited by a statute, and it may not exceed that authority, notwithstanding a defendant's alleged consent. The judgment is modified, in accordance with the parties' suggestion, to impose five years' probation commencing October 15, 1984, the date of the judgment.

---

[2] ORS 137.010(3) provides, in pertinent part:

"If the court suspends the imposition or execution of sentence, the court may also place the defendant on probation for a definite or indefinite period of not more than five years.* * *"

Judgment of conviction is affirmed. Sentence modified to commence five years probation on October 15, 1984.