## STATE OF OREGON,
*Respondent,*

*v.*

## EDDIE OLIVER STILLWELL,
*Appellant.*

### (C90-11-36739; CA A70240)

840 P2d 729

Peter Gartlan, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of assault in the second degree, ORS 163.175, a felony, and four misdemeanors: two counts of assault in the fourth degree, ORS 163.160; menacing, ORS 163.190; and criminal mischief in the second degree. ORS 164.354. The court imposed a prison sentence of 13 months with 36 months post-prison supervision on the felony conviction and three years probation on the misdemeanor convictions. The probation term on one misdemeanor assault was to begin on defendant's release from prison.[1]

Defendant argues that the court did not have authority to impose a term of probation that is to run consecutively to a term of incarceration. He contends that ORS 137.010(4) limits the sentence of probation to five years from the date of imposition of sentence. *State v. Marsh*, 78 Or App 290, 294, 716 P2d 261, *rev den* 301 Or 320 (1986); *see also State v. Mock*, 67 Or App 532, 679 P2d 330 (1984); *State v. Maddox*, 29 Or App 787, 564 P2d 1372, *rev den* 280 Or 171 (1977); *State v. Duncan*, 15 Or App 101, 514 P2d 1367 (1973). However, those cases involve situations where a consecutive probationary term subjected the probationer to supervision beyond five years after pronouncement of judgment. Here, the probation term is within the maximum period for a misdemeanor after the imposition of sentence. There is no error.

Affirmed.

---

[1] The remaining misdemeanor judgments are silent as to when the term of probation begins. There is no need to remand for clarification, because they are deemed concurrent with either the felony sentence or the misdemeanor probation. ORS 137.123.