Submitted on record and briefs May 28, restitution order vacated; remanded for resentencing December 8, 1993

# STATE OF OREGON,
*Respondent,*

*v.*

# ALEJANDRO CRUZ CARRILLO,
*Appellant.*

(91CR-0359, 91CR-0360;
CA A71870 (Control), A71871)
(Cases Consolidated)

865 P2d 379

Sally L. Avera, Public Defender, filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, Thomas H. Denney, Assistant Attorney General, and John Payne, Certified Law Student, filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Defendant was convicted of first degree rape, ORS 163.375, and first degree sodomy, ORS 163.405, for engaging in sexual intercourse with a female child who was under 12 years of age.[1] At sentencing, the trial court imposed concurrent 60-month prison terms and ordered defendant to pay restitution in an amount not to exceed $10,000. The restitution order required, *inter alia*, that defendant pay for any counseling received by the child's mother, "if such counseling is directly related to [the] emotional trauma [that] result[ed] from defendant's] acts." Defendant appeals, arguing that the court lacked authority to order restitution to be made to the mother. We reverse.

■■ In imposing punishment for a criminal offense, Oregon courts are "limited strictly to the provisions of the applicable statute." *State v. Cotton*, 240 Or 252, 254, 400 P2d 1022 (1965); *State v. Duncan*, 15 Or App 101, 103, 514 P2d 1367 (1973). ORS 137.103 to ORS 137.109 outline the procedure for requiring restitution. ORS 137.106(1) provides that when a person commits a criminal offense which has resulted in pecuniary damages,

> "[i]n addition to any other sentence it may impose, the court may order that the defendant make restitution[2] to the *victim*." (Emphasis supplied.)

It is clear that the child's mother may be a "victim," as that term is used in ORS 137.106(1), even though she did not sustain "direct physical injury" resulting from defendant's criminal conduct. *State v. Barkley*, 315 Or 420, 434-37, 846 P2d 390 (1993). The legislative history of the restitution provisions demonstrates the legislature's intent to permit a sentencing court to order a defendant to make restitution to a parent of a child against whom the defendant's criminal conduct was directed. *See State v. Barkley, supra*, 315 Or at 434-37. That does not end our inquiry, however. ORS 137.103(4) defines "victim" as

---

[1] Defendant was also convicted of manufacturing a controlled substance. ORS 475.992. He does not appeal that conviction.

[2] Restitution is defined as

"full, partial or nominal payment of pecuniary damages to a victim * * *." ORS 137.103(3).

"any person whom the court determines has suffered *pecuniary damages* as a result of the defendant's criminal activities[.]'" (Emphasis supplied.)

"Pecuniary damages" is defined in ORS 137.103(2):

> "'Pecuniary damages' means all special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities and shall include, but not be limited to * * * costs of psychological treatment or counseling."

The determinative question, then, is whether the mother could recover her counseling expenses in a civil action against defendant. ORS 137.107; ORS 137.103(2); *State v. Barkley, supra,* 315 Or at 438; *State v. Dillon,* 292 Or 172, 182-83, 637 P2d 602 (1981). The state argues that she could recover those expenses in an action against defendant for intentional infliction of severe emotional distress. Its argument assumes that Oregon permits recovery of damages from a defendant for severe emotional distress that results from conduct directed at a third person. That issue, however, remains unresolved. In *Rockhill v. Pollard,* 259 Or 54, 55-56, 485 P2d 28 (1971), the Supreme Court quoted *Restatement (Second) Torts* § 46 (1965), which allows such recovery if the plaintiff is a member of the person's immediate family *and* is present at the time of the defendant's conduct.[3] In *Hammond v. Central Lane Communications Center,* 312 Or 17, 25 n 6, 816 P2d 593 (1991), the Supreme Court noted that it had not yet formally adopted the tort of intentional infliction of severe emotional distress as defined in *Restatement (Second) Torts* § 46, thus leaving undecided the issue of whether a plaintiff

---

[3] *Restatement (Second) Torts* § 46 (1965) provides, in part:

"(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

"(2) *Where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress*

"(a) *to a member of such person's immediate family who is present at the time,* whether or not such distress results in bodily harm, or

"(b) to any other person who is present at the time, if such distress results in bodily harm." (Emphasis supplied.)

may recover damages for emotional distress from a defendant who engages in conduct that is aimed at a third person.

■ Even assuming that such recovery is available, the state's argument fails, because there is no evidence in this record that the mother was present at the time of defendant's criminal conduct. In sum, the state has presented no theory of civil liability under which the mother could recover her counseling costs from defendant.[4] Because her counseling expenses are not "pecuniary damages," the mother is not a "victim," as defined by ORS 137.103(4). The order directing that restitution be made to her was not authorized and must be vacated.

Restitution order vacated; remanded for resentencing.

---

[4] The state correctly points out that, in cases of child sexual abuse, ORS 147.035(1)(a)(A) authorizes the Department of Justice to award the child's family up to $10,000 for counseling expenses and that ORS 147.345 allows for recoupment of the award by subrogating the state to any "right of action accruing to the applicant or recipient against the assailant[.]" However, ORS 147.345 does not represent a legislative recognition of the existence of a cause of action for the family members in all circumstances. As a condition to recovering the amount paid as compensation, the state must establish that a "right of action" has in fact accrued to the family. The state has not satisfied that requirement in this case. Accordingly, neither ORS 147.035(1)(a)(A) nor ORS 147.345 assists the state here.