Argued and submitted August 31, remanded in part with instructions; vacated in part; otherwise affirmed September 27, 1995, petition for review denied February 20, 1996 (322 Or 613)

STATE OF OREGON,
*Respondent,*

*v.*

CARL GENE LEWIS,
*Appellant.*

(CR91-0054, CR91-0055, CR91-0056, CR91-0057, CR91-0058, CR91-0059, CR91-0060, CR91-0061, CR-91-0127; CA A85919 (Control), A85920, A85921, A85922, A85923, A85924, A85925, A85926, A85927)
(Cases Consolidated)

903 P2d 391

Andy Simrin, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Defendant appeals from a judgment entered after his convictions on four counts of unlawful taking of wildlife, ORS 498.012, four counts of unlawful sale of wildlife, ORS 498.022, and one count of failure to keep or submit fish records, ORS 508.540. He assigns error to the sentences imposed. We write only to address his first two assignments of error.

On December 16, 1991, the trial court sentenced defendant to one year in jail on one count of unlawful taking of wildlife, suspended imposition of sentence on the remaining eight counts and placed defendant on probation for eight consecutive two-year periods. It also suspended his hunting and fishing privileges "for life," imposed a fine and ordered restitution. Defendant appealed and the state conceded error. We accepted its concession and remanded for resentencing. *State v. Lewis*, 121 Or App 199, 853 P2d 325, *rev den* 317 Or 486 (1993).

On September 12, 1994, the trial court resentenced defendant on each of the nine counts as follows: It suspended execution of a sentence of 180 days in jail, placed him on probation for three years with each of the nine probation terms to run concurrently from the date of resentencing, ordered him to perform 40 hours of community service as a condition of probation on each sentence, and suspended his hunting and fishing privileges for two years beginning September 12, 1994. Defendant's first argument is that the trial court erred by imposing a total of more than five years of probation. ORS 137.010(4).[1] The state maintains that, in defendant's first appeal, we vacated defendant's sentences and remanded for resentencing, and that the resentencing court therefore began with a clean slate. It contends that the five-year limit on probation prescribed by ORS 137.010(4) runs from the date of resentencing and not from the date of the original sentence.

---

[1] ORS 137.010(4) provides, in part:

"If the court suspends the imposition or execution of a part of a sentence for an offense, * * * the court may also impose and execute a sentence of probation on the defendant for a definite or indefinite period of not more than five years."

The state is incorrect. In *Lewis*, we affirmed defendant's convictions and remanded for resentencing, but we did not *vacate* his sentences. Therefore, they continued in effect pending resentencing by the trial court. The trial court may not impose a sentence of probation that lasts longer than five years *from the date of imposition* of the original sentence. ORS 137.010(4); *State v. Marsh*, 78 Or App 290, 294, 716 P2d 261, *rev den* 301 Or 320 (1986); *see State v. Stillwell*, 116 Or App 229, 230, 840 P2d 729 (1992), *rev den* 315 Or 443 (1993). In this case, the trial court first imposed sentence on December 16, 1991. It resentenced defendant to three years of probation on September 12, 1994. Under the resentencing order, defendant's probation would not expire until September 11, 1997, more than five years from the date of imposition of the original sentence. We remand for resentencing with instructions that any imposition of probation may not extend beyond December 15, 1996, which is five years from the date of the original sentence.

Defendant next contends that the trial court exceeded its authority in suspending his hunting and fishing privileges for more than two years.

In the original sentencing proceeding, the trial court erroneously revoked defendant's hunting and fishing privileges for life. By the time he was resentenced, the maximum two-year revocation period had expired. ORS 497.435. The state concedes that the trial court exceeded its statutory authority by revoking defendant's hunting and fishing privileges for an additional two years. We accept that concession and vacate that portion of the September 12, 1994, order that suspended defendant's hunting and fishing privileges.

Remanded for resentencing with instructions that any imposition of probation not extend beyond December 15, 1996; portion of September 12, 1994, order suspending defendant's hunting and fishing privileges vacated; otherwise affirmed.