Argued and submitted May 29, affirmed July 3, 2002

STATE OF OREGON,
*Appellant,*

*v.*

RAYMOND JOHN DILLON,
*Respondent.*

C000904CR; A112893

50 P3d 1172

Jennifer Scott Lloyd, Assistant Attorney General, argued the cause for appellant. On the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Kathleen Cegla, Assistant Attorney General.

Ingrid A. MacFarlane, Deputy Public Defender, argued the cause for respondent. With her on the brief was David E.

Groom, Acting Executive Director, Office of Public Defense Services.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

The state appeals a pretrial order granting defendant's motion to suppress. ORS 138.060(1)(c). We affirm.

The relevant facts are not in dispute. The Tigard City Council adopted City Ordinance 2.30.060, which authorizes the police to conduct inventories of the personal effects of persons taken into custody. Among other things, that ordinance provides:

> "All containers designed for carrying valuables, including, but not limited to, wallets, purses, coin purses, fannypacks, and backpacks, shall have their contents inventoried."

The ordinance also directs the chief of police to adopt regulations by which those inventories would be conducted.

The chief of police adopted "General Order #7," which is entitled "Handling Prisoners." The order states that its purpose "is to establish department policy regarding handling of prisoners." It provides:

> "Immediately after being arrested and handcuffed, prisoners will be thoroughly searched, as per City Ordinance 2.[30].060 (see attachment #1), before being placed in a police vehicle for transportation."

A copy of City Ordinance 2.30.060 was then attached to the order.

Police officers found defendant passed out in the driver's seat of a car. He appeared to the officers to be under the influence of alcohol or heroin. The officers took defendant into custody pursuant to a "civil detoxification hold" authorized by ORS 430.399.[1] He was not arrested, nor was he handcuffed. One of the officers, Hering, performed a patdown and

---

[1] ORS 430.399(1) provides:

"Any person who is intoxicated or under the influence of controlled substances in a public place may be taken or sent home or to a treatment facility by the police. However, if the person is incapacitated, the health of the person appears to be in immediate danger, or the police have reasonable cause to believe the person is dangerous to self or to any other person, the person shall be taken by the police to an appropriate treatment facility. A person shall be deemed incapacitated when in the opinion of the police officer or director of the treatment facility the person is unable to make a rational decision as to acceptance of assistance."

discovered in defendant's pocket a small box on which were printed the words "Pocket Tech by Grand Precision." Hering thought the box contained valuables, such as a "Palm Pilot" and other items. He opened the box and found a small digital scale and methamphetamine. At that point, defendant was placed under arrest and given *Miranda* warnings.

At trial, defendant moved to suppress the contents of the box. He argued that the police lacked authority to open the closed container. The state claimed authority under General Order #7 and the inventory policy that it incorporated, which the state contends authorize the police to open containers designed to carry valuables during an inventory of property. The trial court granted the motion on two grounds: (1) the police had failed to "establish, clearly establish, regulations concerning the inventory of items that are found pursuant to this type of search" and (2) the box was not a container designed to carry valuables.

■     The state appeals, arguing that the trial court erred in both respects. We begin with the state's contention that the trial court erred in concluding that the state failed to establish that opening the container was authorized by applicable inventory regulations. The state argues that City Ordinance 2.30.060 clearly authorizes the police to inventory the contents of containers designed to hold valuables. Defendant argues that the ordinance applies only as incorporated by General Order #7, which applies only to the arrest of prisoners, not to civil detoxification holds. We agree with defendant.

■     As a general rule, police may not search or seize private property unless authorized to do so by a valid warrant. Or Const, Art I, § 9. One exception to the general rule is that police may inventory the contents of a lawfully impounded vehicle if a valid statute, ordinance, or policy authorizes them to do so. *State v. Atkinson*, 298 Or 1, 4-9, 688 P2d 832 (1984); *see also State v. Perry*, 298 Or 21, 26-27, 688 P2d 827 (1984) (applying *Atkinson* principles in context of inventory of personal effects). The state has the burden of demonstrating the lawfulness of the inventory. *State v. Marsh*, 78 Or App 290, 293, 716 P2d 261, *rev den* 301 Or 320 (1986).

In this case, there is no statute, ordinance, or policy that authorized the police to open the closed container found in defendant's pocket. City Ordinance 2.30.060 authorizes the police to adopt regulations that are consistent with certain enumerated principles, including that the contents of containers designed to carry valuables be inventoried; the ordinance did not authorize this inventory. General Order #7 purports to have been adopted in response to the mandate of City Ordinance 2.30.060, but that order applies only to the handling of "prisoners." Indeed, the only reference to City Ordinance 2.30.060 appears in paragraph B, which provides:

> *"Immediately after being arrested and handcuffed,* prisoners will be thoroughly searched, as per City Ordinance 2.[30].060 (see attachment #1), before being placed in a police vehicle for transportation."

(Emphasis added.)

In this case, defendant was neither arrested nor handcuffed, at least not at the point that the police performed the patdown. He was not a prisoner. He was taken into custody pursuant to a civil detoxification hold as authorized by ORS 430.399(1). General Order #7 did not authorize the police to inventory the possessions of such a person. Because the police lacked authority to inventory defendant's possessions, it is not necessary for us to determine whether the container found in defendant's pocket was designed to carry valuables, as provided in City Ordinance 2.30.060.

Affirmed.