Submitted June 21, affirmed October 19, 2022

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# BRANDON TAYLOR BECKNER,
*Defendant-Appellant.*

Linn County Circuit Court
16CR35023; A174905

520 P3d 906

In *State v. Beckner*, 303 Or App 744, 466 P3d 1000, *rev den*, 366 Or 826 (2020), we reversed defendant's felony conviction and remanded for entry of a conviction and resentencing on a lesser-included offense. On remand, the trial court entered an amended judgment of conviction for third-degree sexual abuse, a Class A misdemeanor, imposed 36 months of probation, and ordered "[i]mposition of sentence is suspended." On appeal of the amended judgment, defendant contends in his first assignment of error that the court erred in imposing probation. Noting that a court is authorized to impose probation only if it suspends the imposition or execution of another part of a sentence, ORS 137.010(4), defendant argues that ORS 137.370(3) prohibited the court from imposing additional jail at his resentencing because he had served a term of imprisonment on the original judgment that exceeded the maximum statutory allowable term of 364 days for an A misdemeanor, ORS 161.615(1), and it therefore could not suspend the imposition of additional jail. In defendant's second assignment, he argues that the court plainly erred in imposing the 36-month term of probation because, when calculated from the date of his original sentencing imposing a nonprobationary sentence on the felony conviction, it exceeds the five-year maximum term for misdemeanor probations, ORS 137.010(4). *Held*: First, even assuming without deciding that the court was prohibited from imposing and suspending the imposition of additional jail time, defendant has failed to establish that the court's sentence of probation was unlawful, where he fails to point to anything in the record or present any argument explaining how that would have divested the court of its authority to suspend the imposition of all other parts of a sentence. Second, defendant's legal argument challenging the probation term does not point to an error that is obvious and beyond reasonable dispute and therefore is not reviewable as plain error.

Affirmed.

Brendan J. Kane, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant was resentenced following our decision in *State v. Beckner*, 303 Or App 744, 466 P3d 1000, *rev den*, 366 Or 826 (2020), in which we reversed his single count conviction and remanded for entry of a conviction and resentencing on the lesser-included offense. *Id.* at 758. Defendant now appeals the amended judgment, contending in two assignments of error that the sentence of probation was unlawful. Reviewing for legal error, *State v. Capri*, 248 Or App 391, 394, 273 P3d 290 (2012), we affirm.

The pertinent facts are procedural and undisputed. Defendant was convicted of felony first-degree sexual abuse and sentenced to life in prison without the possibility of parole. *Beckner*, 303 Or App at 748 & n 2. On appeal, we concluded that the state's evidence was insufficient to prove an element of the charge and that the trial court had erred in denying defendant's motion for judgment of acquittal. *Id.* at 750-58. We reversed the conviction and remanded for entry of conviction for the lesser-included offense of third-degree sexual abuse and for resentencing. *Id.* at 758. At defendant's resentencing on remand, the trial court entered an amended judgment of conviction for third-degree sexual abuse, a Class A misdemeanor (ORS 163.415), imposed 36 months of probation and suspended imposition of sentence. At the time of his resentencing, defendant had served more than 364 days of incarceration on the original judgment (in jail pretrial and in prison after his conviction).

In defendant's first assignment, he contends that the court exceeded its sentencing authority when it sentenced him to probation after he had served more than the maximum allowable term of incarceration for a Class A misdemeanor. *See* ORS 161.615(1) (maximum term of imprisonment for Class A misdemeanor is 364 days). According to defendant, under ORS 137.010(4) and (7), a court is authorized to impose probation only if it suspends the imposition or execution of another part of the sentence. *See* ORS 137.010(4) ("If the court suspends the imposition or execution of a part of a sentence" on a misdemeanor offense, "the court may also impose and execute a sentence of probation * * *."); ORS 137.010(7) (providing a range of certain mandatory

sentences if court does not suspend imposition or execution of any part of a sentence and excluding a sentence of probation). However, in his view, ORS 137.370(3) prohibited the court from imposing a sentence of incarceration because he had already served on the original judgment more than the statutory maximum term of imprisonment for a Class A misdemeanor. *See* ORS 137.370(3) (when a judgment of conviction is vacated and a new sentence is imposed on a lesser included offense of the same crime, a defendant must receive deduction from the maximum and minimum terms of the new sentence for periods of detention and imprisonment already served). Further, defendant continues, if the court could not *impose* additional jail time, it also could not *suspend imposition of* additional jail time where, in his view, "there remain[ed] no term of imprisonment to be suspended."

Although disputing that ORS 137.370(3) prohibited the court from *imposing* additional jail time, the state nonetheless agrees that the court *effectively* could not have required defendant to serve additional jail time after he is credited for time already served on the original judgment, ORS 137.370(3). Either way, however, according to the state, that does not affect the lawfulness of the probationary sentence here because ORS 137.010(3) permitted the court to impose other parts of a sentence. We agree.

Here, it is undisputed that the court did not impose any term of imprisonment at defendant's resentencing. Defendant's argument that the court was without the legal authority to sentence him to probation rests on two legal premises: (1) that the court did not have the legal authority to impose additional jail time at his resentencing, and (2) that the court could not suspend imposition of any additional jail time. For support, he relies on ORS 137.370(3), a statute which he concedes governs the *computation* of terms of imprisonment, but he provides no supporting case law or developed statutory analysis to support his legal argument—that the legislature intended that statute to apply to a deduction of a defendant's served incarceration term on a vacated greater offense, from the maximum allowable term of imprisonment on a resentencing of the lesser-included offense, where *no sentence of imprisonment is imposed*,

such that a court is divested of its lawful authority under ORS 137.010(3) to suspend the imposition of a sentence. We need not and do not resolve the complicated issues that his argument implicates because, even assuming that ORS 137.370(3) prohibited the court from imposing, and consequently suspending the imposition of, a term of imprisonment, defendant nonetheless has failed to establish that the court's imposition of probation on this record was unlawful.

Defendant acknowledges, as he must, that ORS 137.010(3) allows courts to suspend the imposition or execution of all parts of a sentence. *See* ORS 137.010(3) (a "court may suspend the imposition or execution of *any* part of a sentence" (emphasis added)). Here, the judgment states, "[i]mposition of sentence is suspended,"[1] which supports that its order was suspending the imposition of *all parts* of a sentence (other than the imposed sentence of probation) and not just a sentence of imprisonment. Defendant does not argue that the court could not lawfully impose, or suspend the imposition of, any specific part of a sentence other than jail. Even assuming without deciding that ORS 137.370(3) prohibited the court from imposing and suspending the imposition of additional jail time, defendant does not point to anything in the record or present any argument explaining how that would have divested the court of its authority to suspend the imposition of all *other parts* of a sentence, ORS 137.010(3). *Cf. State v. Coventry*, 290 Or App 463, 464, 415 P3d 97 (2018) ("A court's sentencing authority exists solely by virtue of a statutory grant of power and therefore cannot be exercised in any manner not specifically authorized." (Internal quotation marks omitted.)). Defendant has therefore failed to establish that the court's sentence of probation was unlawful due to the judgment's statement that "imposition of sentence is suspended," which refers broadly to all parts of the sentence and not just a sentence of jail.

In defendant's second assignment, he raises an alternative unpreserved argument, asserting that the trial court plainly erred in imposing the 36-month term of probation

---

[1] At the resentencing hearing, the court similarly stated, "I'll suspend the imposition of sentence and place the defendant on a period of 36 months supervised probation ***."

because it exceeds the five-year term for misdemeanor probations allowed by statute. *See* ORS 137.010(4) (allowing for a term of probation not to exceed five years). That is so, according to defendant, because the statutory five-year limitation begins to run from the date of defendant's original sentencing and not the date of his resentencing. The state contends that defendant's challenge is not reviewable as plain error because the legal point is not obvious and beyond reasonable dispute where no case or statute imposes the rule defendant advances. We agree.

"Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we may consider a "plain error." ORAP 5.45(1). An asserted error is susceptible to plain-error review only if it is (1) one of law; (2) obvious and not reasonably in dispute; and (3) appears on the face of the record. *State v. Serrano*, 355 Or 172, 179, 324 P3d 1274 (2014), *cert den*, 576 US 1037 (2015).

Here, it is undisputed that defendant's original sentence was not a probationary sentence—it was a sentence of prison—and that he was sentenced to probation for the first time at his resentencing hearing on remand. It is not obvious and beyond reasonable dispute from the text of ORS 137.010(4) that the legislature intended the five-year probation term to be calculated from the date a defendant is originally sentenced, regardless of whether a term of probation is imposed, and not from the date a defendant is actually sentenced to a term of probation.

ORS 137.010(4) provides:

"If the court suspends the imposition or execution of a part of a sentence for an offense other than a felony committed on or after November 1, 1989, *the court may also impose and execute a sentence of probation on the defendant for a definite or indefinite period of not more than five years*. However, upon a later finding that a defendant *sentenced to probation* for a felony has violated a condition of the probation and in lieu of revocation, the court may order the period of both the suspended sentence *and the sentence of probation extended* until a date not more than six years *from the date of original imposition of sentence*. Time during which

the probationer has absconded from supervision and a bench warrant has been issued for the probationer's arrest shall not be counted in determining the time elapsed *since imposition of the sentence of probation*."

(Emphases added.)

The time-limitation phrase, "period of not more than five years," in subsection (4) is modified by "sentence of probation," indicating that the five-year period is triggered on the day that a sentence of probation is imposed. The next sentence, which permits the court to extend the five-year period to six under certain circumstances for felonies, creates some ambiguity, because it states that the period can be extended "until a date not more than six years from *the date of original imposition of sentence*," ORS 137.010(4) (emphasis added). That could suggest, when viewed in isolation, that the probation-term limit is calculated from the day that *any sentence* is imposed on the case and not from the date a sentence of probation is imposed. However, the circumstances under which a term extension is permitted appears just before, and in the same sentence as, that phrase. One of those circumstances is when a court finds that "a defendant *sentenced to probation*," has violated the probation. *Id.* (emphasis added). Further, the next sentence states that, in calculating the six-year period, "[t]ime during which the probationer has absconded from supervision and a bench warrant has been issued for the probationer's arrest shall not be counted in determining the time elapsed *since imposition of the sentence of probation*." *Id.* (emphasis added). Therefore, when read in context, the imposed "sentence" referred to in the ambiguous phrase "the date of original imposition of sentence," appears to refer to the imposition of a *sentence of probation*. As a result, it is not obvious and beyond reasonable dispute that the five-year term limitation in ORS 137.010(4) begins to run from the date that the original but nonprobationary sentence is imposed and not from the date that the actual sentence of probation is imposed.

Defendant relies on *State v. Lewis*, 137 Or App 108, 903 P2d 391 (1995), *rev den*, 322 Or 613 (1996), but that case is readily distinguishable. There, the defendant was originally sentenced to a term of incarceration on one count and

to two-year consecutive terms of probation on the remaining counts. *Id.* at 110. In the defendant's first appeal, we concluded that the court had committed sentencing error and remanded for resentencing. On remand, as relevant here, the court resentenced the defendant to three-year concurrent terms of probation on each count. The court ordered the probation terms to run from the date of the defendant's resentencing, which would have resulted in his probation expiring more than five years from the date of his original sentence of probation. *Id.* at 110-11. In the defendant's second appeal, we concluded that the court's order violated the five-year limitation in ORS 137.010(4). We explained that, in the defendant's first appeal, we had affirmed his convictions and remanded for resentencing, which resulted in the defendant's imposed probationary sentences "continu[ing] in effect pending resentencing." *Id.* at 111. We then concluded that ORS 137.010(4) does not permit a trial court to "impose a sentence of probation that lasts longer than five years *from the date of imposition* of the original sentence." *Id.* (emphasis in original).

*Lewis* is factually distinguishable, and its interpretation of ORS 137.010(4) does not support defendant's argument. The original sentence in *Lewis* involved a sentence of probation, and the sentence of probation was *reimposed* following a sentencing error that resulted in a remand for resentencing. *Lewis* concludes only that the statutory five-year limitation begins to run from the date that the original sentence of probation was imposed and not the date that a defendant is resentenced to probation following a resentencing remand. *Lewis* does not, as defendant asserts, conclude that the ORS 137.010(4) probationary term limit runs from the date that the original sentence is imposed when, as here, that sentence does not include probation, and when, as here, the sentence of probation is first imposed following a reversal of a conviction and a remand for resentencing on a lesser-included offense.[2] Defendant's legal argument does

---

[2] We do not decide how, if at all, a reversal of a greater-included offense and a remand for entry of conviction for the lesser-included offense of that charge would affect the date a sentence of probation begins to run as contemplated in ORS 137.010(4), if the sentence of probation were imposed on the greater offense and then reimposed at the resentencing on the lesser-included offense of the original charge.

not point to an error that is obvious and beyond reasonable dispute and therefore is not reviewable as plain error.

Affirmed.